James Carlton CARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 45348.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Dec. 20, 1972.

Reynold M. Gardner, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Kerry Knorpp, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary, with two prior convictions alleged for the purpose of enhancement under Article 63, Vernon's Ann.P.C. The jury found the appellant guilty and found the prior convictions to be true as alleged. The court assessed the punishment at the mandatory life sentence.

■ Appellant alleges that the trial court erred in not prohibiting the use for enhancement purposes of one of the two prior convictions because its use constituted double jeopardy in violation of the Double Jeopardy and Due Process clauses of the United States Constitution.

It is his contention that the use of his prior conviction in Cause No. 12058 in Potter County should have been barred because it had previously been used by the State. In Cause No. 13031 in Potter County, the second of the two alleged prior convictions, the State attempted to use his conviction in Cause No. 12058 for enhancement. However, at his trial before the court in Cause No. 13031 appellant pled "guilty" to the primary offense and "not guilty" to the alleged prior convictions. The record shows that the court found him guilty only of the primary offense. Where a prior conviction was not successfully used after it had been submitted to the jury for enhancement, this did not prohibit its use in a later case. Klechka v. State, 475 S.W.2d 257, Tex.Cr.App. We hold the same should apply in a trial before the court. The fact that the prior conviction was not successfully used at a prior trial does not constitute jeopardy. Appellant's first ground of error is overruled.

■ Next, appellant complains that he was not warned by his counsel or the judge prior to entering guilty pleas in Causes Nos. 12058 and 13031 that such convictions might later on be used for enhancement. It is his contention that he was not aware of the consequences of his acts and, therefore, the court should not have accepted his pleas of guilty. The record reflects that the appellant was represented by counsel in both causes, retained counsel in one and court-appointed counsel in the other. Appellant also testified that he voluntarily entered both pleas of guilty and that he was admonished, among other things, that the pleas of guilty had to be voluntary and he was advised of the range of punishment. The admonishment was sufficient under Article 26.13, V.A.C.C.P. His second contention is without merit.

No error being shown, the judgment is affirmed.