**Albert GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45678.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 11, 1973.

Wilson McPhail, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, James A. Moseley, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of robbery by assault enhanced under the provisions of Article 62, Vernon's Ann.P.C. Punishment was assessed by the court at life imprisonment.

Appellant does not challenge the sufficiency of the evidence.

The record shows that appellant was indicted as a habitual criminal, but upon motion by the State, one prior conviction alleged in the indictment was dismissed, and the State proceeded to use a prior conviction for theft for enhancement under Article 62, supra.

Appellant contends that it was error for the trial court to refuse to grant his motion to quash the enhancement part of the indictment on the grounds that he was not warned by his counsel or the judge prior to entering guilty pleas in the two causes used for enhancement that such convictions might later be used for enhancement. It is his contention that he was not aware of the consequences of his acts and, therefore, the court should not have accepted his pleas of guilty. The record reflects that the appellant was represented by counsel in both causes. He testified that he voluntarily entered both pleas of guilty. No such admonition is required under Article 26.13, Vernon's Ann.C.C.P. Carter v. State, 487 S.W.2d 361 (1972).

We perceive no error in the argument that the trial court erred in granting the State's motion to dismiss one of the alleged prior convictions and to proceed under Article 62, supra, rather than Article 63, V.A.P.C.

Finally, appellant contends that the trial court erred when it failed to "arraign" him prior to the punishment stage of the trial and also when it allowed the State to reopen, after it had rested, to arraign him and then re-offer its evidence on the punishment phase.

The record shows that the appellant was arraigned only on the robbery by assault paragraph of the indictment prior to the guilt-innocence stage of the trial. He was not asked if the enhancement part of the indictment were true or not true or how he wished to plead until after the State had rested at the punishment stage of the trial. This was called to the attention of the court. The appellant did not plead and the court entered a plea of not guilty for him. The State then re-offered all of the evidence it had previously presented and it was admitted. This matter was before the court. Such a procedure was not reversible error when there were one stage trials before the jury. See Hearne v. State, Tex. Cr.App., 58 S.W. 1009, and Barbee v. State, 32 Tex.Cr.R. 170, 22 S.W. 402. No harm has been shown.

No reversible error being shown, the judgment is affirmed.