Jody L. **WORTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45134.

Court of Criminal Appeals of Texas.

March 7, 1973.

Rehearing Denied April 25, 1973.

S. Price Smith, Jr. of Schenk & Wesbrooks, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal was originally dismissed for want of proper notice of appeal. A supplemental transcript has now been filed reflecting that notice of appeal was timely given. The appeal is reinstated.

This appeal arises from a conviction for giving a worthless check with intent to defraud where the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

The record reflects that on December 22, 1969, the appellant opened a checking account at the Texas Bank and Trust in Wichita Falls with a check in the amount of $175.00 drawn on the Reagan State Bank of Houston, signed by Billy Gene Poe, and made payable to the appellant Worton. The check was shown to be a forgery. The appellant received $75.00 in cash for the check and deposited $100.00 in the checking account. On December 23, 1969, appellant went to the Palmer Wrecking Company in Electra and purchased a 1960 automobile for $200.00 and gave a check on his checking account for $125.00 agreeing to pay the balance in monthly installments. The check was returned from the bank marked "insufficient funds." The appellant never contacted the Palmers and they were unsuccessful in locating him.

The record further reflects that appellant gave $412.84 of worthless checks on such bank account between December 22, 1969 and January 20, 1970, at which time the bank closed the account.

Initially, appellant contends the court erred in overruling his motion to quash part of the enhancement portion of the indictment relating to a felony conviction in Pittsburgh County, Oklahoma, since at the time of his guilty plea in such case he was not advised of the consequences of his plea in that he was not informed that any resulting conviction could be used for enhancement of punishment in the event of another conviction.

The motion to quash was not self-proving and the appellant offered no proof in support of his allegations.

Further, this court has held that such admonishment is not an essential admonishment in advising an accused of the consequences of his plea. Green v. State, 491 S.W.2d 882 (Tex.Cr.App.); Carter v. State, 487 S.W.2d 361 (Tex.Cr.App.1972). See Article 26.13, Vernon's Ann.C.C.P.

Next, appellant complains of the court's failure to quash the indictment for

the reason there was no allegation as "to the person or persons or business entity" he intended to defraud.

Article 21.05, Vernon's Ann.C.C.P., provides, in part, that "it shall be sufficient to allege an intent to defraud, without naming therein the particular person intended to be defrauded." See also Article 567b, Vernon's Ann.P.C.

Appellant also complains of the court's refusal to grant a mistrial when Dodson, a prospective juror, stated during voir dire examination of the jury panel that he "thought he might know him (the appellant) because he may have given him a check."

Subsequently, Dodson was examined in the absence of the other members of the panel and stated that he did not know whether appellant was the person who had given him the check in question. He was dismissed by the court and the jury panel was instructed to disregard any statement made by Dodson and not to consider it for any purpose. The appellant at no time requested to examine the panel to determine if they could follow the court's instructions or whether Dodson's statement would influence their verdict, etc.

■ Under the circumstances presented, we perceive no error.

Appellant further complains the court erred in granting the State's motion in limine which restrained him from showing that he had no intent to defraud by establishing that the 1960 Oldsmobile was defective and was in fact repossessed by the Palmer Wrecking Company.

Appellant testified, on a bill of exception, that the car broke down in Vernon and that he had it towed to a car dealer and telephoned his mother to let the wrecking yard know where it was and that he didn't want it any longer. He made no attempt to make any restitution.

Appellant did not testify at the trial on the merits.

The fact that the automobile was defective is of no consequence since Article 567b, supra, as amended in 1963, no longer requires evidence to show that the check was given in exchange for a thing of value. The principle element of the offense is that the check was issued with the intent to defraud. Sigers v. State, 479 S.W.2d 665 (Tex.Cr.App.1972).

■ We perceive no error of reversible nature in the court's action in granting the State's motion.

■ Appellant further contends that the court erred in overruling his motion for an instructed verdict since there was either no evidence or insufficient evidence of probative value to sustain the State's allegation that he intended to defraud. We cannot agree.

The record reflects the appellant opened a checking account with a forged check made payable to himself and immediately obtained $75.00 in cash by virtue of such check. The very next day he obtained the automobile in question by giving a check in excess of the amount remaining in the checking account. The State further proved appellant gave a number of other insufficient checks drawn on the same checking account in a ten-day period after the opening of such account. All of these extraneous offenses were admitted for the purpose of showing the intent to defraud by the intent, design, scheme, etc., of the appellant. See Hampton v. State, 402 S.W.2d 478 (Tex.Cr.App.1966), and authorities there cited; Crum v. State, 427 S.W.2d 623 (Tex.Cr.App.1968); Hampton v. Hauck, 383 F.2d 389 (5th Cir. 1967). See also Albrecht v. State, 486 S.W.2d 97 (Tex.Cr.App.1972).

Appellant's contention is without merit.

■ Appellant also urges the court erred in granting the State's request for a postponement of one day between the guilt and penalty stage to enable the State to obtain additional records pertaining to the appellant's conviction in Oklahoma in order to show that appellant was represented by counsel at the time of such conviction or convictions. The request was granted

and the jury was sequestered overnight. The following afternoon such evidence was presented to the jury at the penalty stage of the trial. We fail to find that the court abused its discretion in granting such postponement. If the court had not so acted, we undoubtedly would be writing on the question of the introduction of prior convictions without a showing that, at the time of such convictions, appellant was indigent, had no counsel, etc., and had not waived the same. The court, in view of the shortness of the time span, acted wisely. The contention is non-meritorious.

In a supplemental brief and a pro se brief, appellant attempts to raise other grounds of error. These were not properly or timely raised in accordance with Article 40.09 § 9, Vernon's Ann.C.C.P., and may be considered only "in the interest of justice." Article 40.09 § 13, Vernon's Ann.C.C.P. We have carefully studied the same and do not conclude the contentions should be considered "in the interest of justice."

The judgment is affirmed.