**Johnny E. MEADOWS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47422.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Jerry J. Loftin, Fort Worth, for appellant.

John H. Green, Dist. Atty., Don E. Williams and Dennis Cadra, Asst. Dist. Attys., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, life imprisonment.

This case was transferred on a change of venue from the 70th Judicial District Court of Ector County to the Criminal District Court No. 3 of Tarrant County.

After the State made known to the Court that it would not seek the death penalty the appellant waived a jury trial and entered a plea of guilty before the Court.

The sole ground of error presented for review is that:

"The trial court committed reversible error in that it does not plainly appear on the record that the appellant was admonished by the Court as to the consequences of a plea of guilty as required by Art. 26.13 of the Code of Criminal Procedure."

The appellant agrees that the Court properly complied with the portion of Art. 26.13, Vernon's Ann.C.C.P. that requires that pleas of guilty shall not be received unless it plainly appears that the defendant is sane and is uninfluenced by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt. The appellant argues, however, that the Court failed to admonish him properly as to the consequences of the plea of guilty within the meaning of Art. 26.13, V.A.C.C.P.

The Court admonished the appellant regarding the consequences of his plea as follows:

"You realize that on your plea of guilty I must find you guilty and assess your punishment at confinement in the penitentiary for life or for a term of years not less than two."

To which the defendant answered:

"Yes, Sir."

The appellant asserts that the ordinary meaning of the term "consequences" requires that the record reflect more than the mere range of punishment which the Court will assess on a plea of guilty. He makes a general contention that the "consequences of a plea of guilty reach beyond the punishment for the crime—they extend to the waiver of the defendant's basic rights as guaranteed by the Federal Constitution." The appellant does not elaborate further. He does not specify any further consequences which would require the Court's admonishment under Art. 26.13, V.A.C.C.P.

It has been the consistent holding of this Court that the requirement of Art. 26.13, V.A.C.C.P. concerning the admonishment of consequences of a plea of guilty requires only that the Court explain to the appellant the range of punishment within which the Court will assess the punishment in that specific case. See e. g., Ex Parte Marshall, 479 S.W.2d 921 (Tex.Cr.App.1972) and Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956).

This Court has held that it is unnecessary for the Court to admonish a defendant that a conviction on a plea of guilty may be later used for enhancement purposes, Worton v. State, 492 S.W.2d 519 (Tex.Cr.App. 1973); that the jury may recommend probation, Wilson v. State, 436 S.W.2d 542 (Tex.Cr.App.1968); or that the Court has discretion to cumulate sentences, Simmons v. State, 457 S.W.2d 281 (Tex.Cr.App. 1970).

We find the admonishment of the appellant to be sufficient and in compliance with Art. 26.13, V.A.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.