Ex Parte Gustavo VILLALPANDO.

No. 10–02–016–CR.

Court of Appeals of Texas, Waco.

Aug. 7, 2002.

Gustavo Villalpando, Pro Se.

John C. Paschall, Robertson County District Attorney, Franklin, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Villalpando pled guilty to a misdemeanor charge of driving while intoxicated. TEX. REV.CIV. STAT. art. 6701*l*–1(b). The misdemeanor conviction at issue was used to enhance a subsequent DWI charge to a felony. Villalpando filed a writ of habeas corpus with the convicting court of the misdemeanor conviction. The writ of habeas corpus was denied on the merits. Villalpando appeals.

Villalpando argues on appeal that the trial court erred in not granting his writ of habeas corpus because: (1) the information by which he was charged was defective; (2) his guilty plea was not knowingly, intelligently, nor voluntarily entered; (3) he was not afforded the assistance of counsel at the guilt/innocence phase of his trial; and (4) he was not afforded the assistance of counsel at the probation revocation hearing. We affirm the denial of Villalpando's writ of habeas corpus.

## CHARGING INFORMATION—PRIOR TO DECEMBER 1985

We look first at the argument that the charging information was defective. Villalpando was charged by information with driving while intoxicated in 1984. Because the information was presented to the court in 1984, we apply the law in effect at that time in our analysis of the information instead of applying article 1.14(b), which went into effect in December 1985. TEX. CODE CRIM. PROC. art. 1.14(b). (Vernon Supp.2002). Article 1.14(b) requires a defendant to object to defects of either form or substance before the date of trial on the merits or waive the right to object to the

defect on appeal or in any other post-conviction proceeding. *Id.*

■ Villalpando asserts the information was defective because it did not state the manner and means by which he was intoxicated. The information reads in pertinent part: "Gustavo Villalpando did then and there unlawfully, while intoxicated, drive and operate a motor vehicle in a public place, to wit: a public road in said county and state." The information as written alleges the offense of DWI. An information that does allege an offense confers jurisdiction on the trial court. *Ferguson v. State,* 622 S.W.2d 846, 849 (Tex.Crim.App.1981).

■ When a charging instrument alleges an offense, any objection to the instrument is to the form rather than the substance, and therefore not a fundamental defect. *Green v. State,* 578 S.W.2d 411 (Tex.Crim.App.1979). The failure to include a statement by what manner and means a defendant was intoxicated is not a defect of substance, but a defect of form that may be classified as a "notice" problem. *See American Plant Food v. State,* 508 S.W.2d 598, 603 (Tex.Crim.App.1974).

■ An alleged form defect is properly raised by a timely filed motion to quash. *Graham v. State,* 657 S.W.2d 99, 104 (Tex.Crim.App.1983); *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Crim.App.1981). "[I]t would seem to be a defect of such mere form as ought to be deemed cured by the verdict, because the objection is one which relates simply to the convenience of the defendant in making his defense, while by not taking the objection he seems to have suffered no inconvenience, and therefore, to have waived it." *American Plant Food v. State,* 508 S.W.2d 598, 604 (Tex.Crim.App.1974) (quoting *Melley v. State,* 93 Tex.Crim. 522, 525, 248 S.W. 367 (Tex.Crim.App.1922)). Thus, an alleged form

defect in a charging instrument cannot be raised for the first time on appeal or on writ of habeas corpus. *Graham,* 657 S.W.2d at 104.

In 1984, Villalpando filed an affidavit of indigency and was appointed counsel. Hearing for the cause was first set for December 1984 and then for April 1985. An application for subpoenas was filed in November 1984. No motion to quash was ever filed. The next entry in the record is a motion and order to withdraw filed March 13, 1990.

Villalpando swore to and signed his Waiver of Defendant's Rights and Written Stipulation of Evidence Without an Attorney (Waiver) on March 15, 1990, and pled guilty to the driving while intoxicated charge from 1984. Villalpando argues the information was defective because the manner and means of intoxication was not stated. The defect argued is one of form, thus, Villalpando's remedy was to timely file a motion to quash requiring the State to specifically allege the manner and means of intoxication it would seek to prove. TEX.CODE CRIM. PROC. art. 28.01 § 1(4) (Vernon Supp.2002). Villalpando did not file a timely motion to quash based on a defect of form; therefore, he cannot raise the issue for the first time in his writ of habeas corpus. We overrule Villalpando's first issue.

## GUILTY PLEA

Villalpando next argues that the trial court erred when his writ of habeas corpus was denied because his guilty plea to the misdemeanor DWI charge of 1984 was not knowingly, intelligently, and voluntarily entered. Villalpando asserts that because the information failed to give sufficient notice of the nature and cause of the accusation he could not have known what he was pleading to when he entered his plea of guilty. He continues his argument to

insist that had he fully understood that in the future a subsequent charge of DWI could be used to send him to prison, he would not have agreed to plead guilty to the misdemeanor charge in 1990.

In the above analysis of the charging information, we outlined the course available to Villalpando to question sufficiency of notice. Because Villalpando did not timely file a motion to quash based on a defect of form, he cannot now use his failure to argue his guilty plea was not knowingly entered. *See Graham v. State*, 657 S.W.2d 99 (Tex.Crim.App.1983); *American Plant Food v. State*, 508 S.W.2d 598, 604 (Tex.Crim.App.1974).

■ Villalpando asserts his 1990 guilty plea to the misdemeanor charge of DWI was not knowingly, intelligently, and voluntarily made because he was not warned that the conviction could be used to enhance a subsequent charge. In *Meadows*, the Court of Criminal Appeals restated its holding from *Worton*, that it is unnecessary for the court to admonish a defendant that a conviction on a plea of guilty could later be used for enhancement purposes. *Meadows v. State*, 499 S.W.2d 156, 157 (Tex.Crim.App.1973); *Worton v. State*, 492 S.W.2d 519, 520 (Tex.Crim.App.1973). Both *Meadows* and *Worton* involved felony guilty pleas, and were reviewed under article 26.13. TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp.2002). The admonishment provisions of article 26.13 apply to felony, not misdemeanor cases. *Johnson v. State*, 614 S.W.2d 116, 120 n. 1 (Tex. Crim.App.1981); *Id.* Because the court is not required to admonish a felony defendant that a conviction could be used to enhance a subsequent charge, neither is the court required to do so for a misdemeanor defendant. *Johnson*, 614 S.W.2d at 120 n. 1.

Because there was no requirement that the trial court admonish Villalpando that his conviction could be used to enhance a subsequent charge, he has not met his burden of proof to show his guilty plea to the 1984 misdemeanor charge of DWI was not made knowingly, intelligently, and voluntarily. We overrule Villalpando's second issue.

## ASSISTANCE OF COUNSEL

■ Finally, Villalpando argues in two issues that the record fails to show he knowingly, intelligently, and voluntarily waived his right to counsel at the guilt/innocence phase of his trial or at his probation revocation hearing. The defendant has the burden to show he did not voluntarily waive his right to counsel. *Disheroon v. State*, 687 S.W.2d 332, 334 (Tex. Crim.App.1985).

On March 15, 1990, Villalpando swore to, and signed, his Waiver. In pertinent part his Waiver states:

[t]hat I know that I have the right to be represented by an attorney in this cause, and that if I cannot afford to hire an attorney, then the Court would appoint an attorney to represent me; that I have no attorney and after being informed by the Court of my right to have an attorney, I wish to exercise my Constitutional right to proceed to trial without the benefit of counsel. I further state that I have been informed by the Court and I fully understand the dangers and disadvantages of proceeding to trial without the assistance of counsel. I voluntarily waive my right to have an attorney defend me in this cause. I am fully competent, and I am fully prepared to enter a plea and fully understand the nature of the charges against me.

Villalpando's Waiver is also signed by the county clerk and the presiding judge. The Misdemeanor Judgment of Probation (Judgment) dated March 15, 1990, also

recites Villalpando's knowing, intelligent, and voluntary waiver of his right to representation and is signed by Villalpando, the presiding judge, the deputy clerk, and the adult probation officer.

On April 3, 1990, Villalpando swore to, and signed, his Defendant's Plea of True to State's Motion to Revoke Without An Attorney (Plea of True). His Plea of True is also signed by the county clerk, the attorney for the State, and the presiding judge. The waiver-of-rights-to-counsel section of Villalpando's Plea of True presents exactly the same rights and warnings as are noted above in his Waiver.

Villalpando has presented no evidence that he did not voluntarily waive his right to counsel; he only points to the style of documents as being deficient. Villalpando's sworn to, and signed, Waiver, Judgment, and Plea of True amply demonstrate he knowingly, intelligently, and voluntarily waived his right to representation by counsel at the guilt/innocence phase of his trial and at his probation revocation hearing. We overrule Villalpando's third and fourth issues.

## CONCLUSION

We hold that: (1) Villalpando cannot for the first time argue a defect of form to his charging information in a writ of habeas corpus; (2) he failed to prove his guilty plea was not knowingly, intelligently, and voluntarily entered; (3) he failed to prove he did not voluntarily waive his right to counsel at the guilt/innocence phase of his trial; and (4) he failed to prove he did not voluntarily waive his right to counsel at the probation revocation hearing. Because the court did not err, we affirm the denial of Villalpando's writ of habeas corpus.