NUMBER 13-04-00635-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

 

THE STATE OF TEXAS,                                                                   Appellant,

 

                                                             v.

 

RAUL GONZALES,                                                                            Appellee.

 

 

    On appeal from the 117th District Court of Nueces County,
Texas.

 

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








The State appeals from an order of the trial
court granting a motion to quash the indictment charging appellee, Raul
Gonzales, with the offense of driving while intoxicated (ADWI@), enhanced to a third-degree felony.[1]  By five points of error, the State contends
the trial court erred in quashing the indictment.[2]  Gonzales did not file a brief in response to
the State=s appeal. 
We reverse and remand.

A grand jury indicted Gonzales for DWI.  The indictment alleged that Gonzales had two
or more prior convictions for DWI. 
Gonzales filed a motion to quash the indictment asserting that because
he had not been represented by counsel in the two prior cases he had not been
warned of the possibility that those convictions could later be used for
enhancement purposes.  Thus, he argued,
the prior convictions were unconstitutional.

At the hearing on the motion to quash, the
State entered records of the two prior convictions into evidence.  Each includes a AWaiver of Rights and Plea of Guilty/Nolo
Contendere@ signed by Gonzales and states as follows:

I HAVE NO LAWYER TO REPRESENT ME.  I know I have the right to have a lawyer
represent me and that one will be appointed for me by the Judge if I am too
poor to hire my own.

 

I do not intend to hire a lawyer and I do
not want the Judge to appoint one for me. 
I will represent myself, even though my punishment may include jail
time.

 

Further, I understand that if I represent
myself, I may be waiving possible defects in the State=s pleadings, losing any defense I may have,
giving up any right I may have to complain of any errors the Court may make in
the proceedings, and that I may be convicted even though I may not be guilty.  I understand that I may not be heard at a
later time to complain because I gave up my right to a lawyer.

 








An AOrder Accepting Plea,@ signed by the trial judge, appears at the
bottom of each document.  The order
provides:

It appears to the Court the Defendant is
mentally competent and that the foregoing plea of Guilty/Nolo Contendere is
made freely and voluntarily.  The Plea is
accepted.

 

We apply a bifurcated standard when we
review a trial court=s decision to quash an indictment, affording
almost total deference to the trial court=s determination of historical facts, but
reviewing de novo legal questions and mixed questions of law and fact which do
not turn on an evaluation of the credibility and demeanor of a witness.  See State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).

By its third point of error, the State
contends the trial court erred in granting the motion to quash because failure
to admonish of the possible use of convictions for enhancement is not a legally
sufficient reason to invalidate prior convictions.  We agree.

A trial court is not required to admonish a
defendant that any resulting conviction could be used for enhancement of
punishment in the event of a later conviction. 
See  Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon
Supp. 2004-05); see also Worton v. State, 492 S.W.2d 519, 520 (Tex.
Crim. App. 1973); Green v. State, 491 S.W.2d 882, 883 (Tex. Crim. App.
1973); Ex Parte Villalpando, 85 S.W.3d 832, 835-36 (Tex. App.BWaco 2002 no pet.).  Such an admonishment is not an essential
admonishment in advising the accused of the consequences of his plea.  Worton, 492 S.W.2d at 520.  Accordingly, we hold the trial court erred in
granting appellee=s motion to quash the indictment.

The State=s third point of error is sustained.  In light of our disposition, it is
unnecessary to address the State=s remaining points of error.  See Tex.
R. App. P. 47.1.








We reverse the trial court=s order granting appellee=s motion to quash the indictment  and remand the case to the trial court for
further proceedings.  

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
7th day of July, 2005.  











[1] See Tex. Pen. Code Ann. ''
49.04 & 49.09(b) (Vernon 2003).  





[2]
In its first issue,
the State argues that the trial court erred in granting the motion to quash
because the judge disqualified himself from taking any further action by
calling the defendant as a witness and questioning him.  However, the State failed to preserve this
complaint because it did not make a timely request, objection or motion to the
trial court.  See Tex. R. App. P. 33.1.  Consequently, this issue is waived.