COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-014-CR

 

 

LARRY ALTON MILLER                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction








Appellant was indicted for
forgery.  He entered an open plea of
guilty to the offense and pleaded true to two enhancement paragraphs and true
to six habitual paragraphs.  After a
hearing on punishment, a jury assessed Appellant=s punishment at twenty years= confinement.  In three points,
Appellant argues that the trial court erred by failing to properly admonish
him, that he was denied effective assistance of counsel, and that he was denied
due process by his counsel.  We affirm.

Factual
and Procedural Background

Because the sufficiency of
the evidence is not challenged, we need only briefly discuss the facts of this
case.  Appellant lived next door to
Robert Britt.  Mr. Britt had been married
to Evangelin for almost twenty-five years before her death in April of
2003.  Subsequently, Appellant agreed to
do some work on Mr. Britt=s mobile
home.   While Appellant was at Mr. Britt=s residence, he took some checks from the middle of Mr. Britt=s checkbook.  Appellant
testified that he and a friend signed Mr. Britt=s wife=s name to
one of the checks, backdated it to a date before she died, and that Appellant
attempted to cash it at a bank. 
Appellant was arrested and subsequently pleaded guilty. 

Admonishments








In his first point, Appellant
argues that the trial court erred by failing to properly admonish him under Texas
Code of Criminal Procedure article 28.13 so as to ensure the voluntariness of
his plea.  Specifically, he complains
that he was not admonished regarding the deportation consequences of his guilty
plea and that the trial court did not review the victim impact statement.[2]  See Tex.
Code Crim. Proc. Ann. art. 26.13(a)(4), (e) (Vernon Supp. 2004-05).

Prior to accepting a guilty
plea, the trial court is required to admonish a defendant of Athe fact that if the defendant is not a citizen of the United States
of America, a plea of guilty or nolo contendere for the offense charged may
result in deportation, the exclusion from admission to this country, or the
denial of naturalization under federal law.@  Id. art.
26.13(a)(4).  However, Asubstantial compliance by the court is sufficient, unless the
defendant affirmatively shows that he was not aware of the consequences of his
plea and that he was misled or harmed by the admonishment of the court.@  Id. art.
26.13(c)(Vernon 1989).








In this case, before
accepting his guilty plea, the trial court fully admonished Appellant regarding
the range of punishment and ensured that Appellant was entering his guilty plea
freely and voluntarily.  However, the
trial court failed to admonish Appellant regarding the deportation consequences
of his guilty plea.  Failure to admonish
Appellant regarding his deportation status is nonconstitutional error and is
subject to a harm analysis under Rule 44.2(b). 
See Carranza v. State, 980 S.W.2d 653, 656, 658 (Tex. Crim. App.
1998).  Under that rule, we disregard the
error if it does not affect Appellant=s substantial rights.  Tex. R. App. P. 44.2(b).  Appellant=s substantial rights are not affected unless he can show that he was
not aware of the consequences of his plea and that he was misled or harmed by
the admonishment of the court.  Carranza,
980 S.W.2d at 658.

The record indicates that
Appellant was born in Fort Worth, Texas. 
Therefore, he is a United States citizen and not subject to
deportation.  As a result, the trial
court's failure to admonish Appellant concerning the deportation consequences
of his plea is harmless.  See Cain v.
State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); Duncan v. State,
6 S.W.3d 794, 796 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d).








Appellant also contends that
the trial judge did not review the victim impact statement as required under
article 26.13.  This section provides
that A[b]efore accepting a plea of guilty or a plea of nolo contendere, the
court shall inquire as to whether a victim impact statement has been returned
to the attorney representing the [S]tate and ask for a copy of the statement if
one has been returned.@  Tex.
Code Crim. Proc. Ann. art. 26.13(e)(Vernon Supp. 2004-05).  The record is silent as to whether a victim
statement was actually completed and as to whether the trial court inquired
into this matter.  But as Appellant
correctly recognizes, A[t]he
failure of the court to comply with Subsection (e) of this article is not grounds
for the defendant to set aside the conviction, sentence, or plea.@  Tex. Code Crim. Proc. Ann. art. 26.13(f).  Therefore, because we hold that Appellant was
not harmed by the trial court=s failure to admonish him regarding his deportation status, and
because Appellant cannot complain of the trial court=s failure to inquire into the existence of a victim impact statement,
we overrule Appellant=s first
point.

Ineffective
Assistance of Counsel

In his second and third
points Appellant argues that he was denied effective assistance of
counsel.  Appellant=s contentions are largely based on alleged omissions by his trial
counsel, including complaints that his appointed trial counsel failed to file
any Ameaningful pretrial pleadings, requests[,] or motions,@ Amisinformed
or failed to inform@ him,
coerced him into entering a plea of guilty, and only briefly communicated with
him and potential witnesses. Additionally, Appellant argues that his counsel
was ineffective for failing to file a motion for new trial.








We apply a two-pronged test
to ineffective assistance of counsel claims. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  First, Appellant must show that
his counsel's performance was deficient; second, Appellant must show the
deficient performance prejudiced the defense. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Hernandez v.
State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).[3]








In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel's assistance was
reasonable under all the circumstances and prevailing professional norms at the
time of the alleged error.  See
Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.  A[C]ounsel is strongly presumed to have rendered adequate assistance
and made all significant decisions in the exercise of reasonable professional
judgment.@  Id. at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.  Our scrutiny of
counsel's performance must be highly deferential, and every effort must be made
to eliminate the distorting effects of hindsight.  Strickland, 466 U.S. at 689, 104 S.
Ct. at 2065.

Direct appeal is usually an
inadequate vehicle for raising an ineffective assistance of counsel claim
because the record is generally undeveloped. 
Goodspeed v. State, No. PD-1882-03, 2005 WL 766996, at *2 (Tex.
Crim. App. April 6, 2005).  This is true
with regard to the question of deficient performanceCin which counsel=s conduct is
reviewed with great deference, without the distorting effects of hindsightCwhere counsel=s reasons
for failing to do something do not appear in the record.  Id. 
The court of criminal appeals has said that Atrial counsel should ordinarily be afforded an opportunity to explain
his actions before being denounced as ineffective.@  Id. (citing Rylander
v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)).  Absent such an opportunity, an appellate
court should not find deficient performance unless the challenged conduct was so
outrageous that no competent attorney would have engaged in it.  Id. 









Appellant=s claim of ineffective assistance of counsel is premised largely on
alleged omissions by his trial counsel. 
Therefore, the record before us on direct appeal is not sufficiently
developed to allow us to evaluate Appellant=s claim as to those omissions.  When the record is
silent regarding counsel's reasons for his conduct, we will defer to counsel's
decisions if there is at least the possibility that the conduct could have been
legitimate trial strategy.  Ortiz v. State, 93 S.W.3d 79,
88-89 (Tex. Crim. App. 2002), cert. denied, 538 U.S. 998 (2003).

Appellant also argues
that he was denied effective assistance of counsel during the time period for
filing a motion for new trial.  The trial
court sentenced Appellant on January 6, 2004. 
On January 9, 2004, Appellant=s trial counsel filed a notice of appeal and a motion to
withdraw.  However, according to the
trial judge=s docket sheet,
an order denying counsel=s motion to withdraw was not executed until March 18,
2004.  In the interim, Appellant=s trial counsel filed a motion to withdraw with this court
on March 16, 2004.  This court abated the
appeal and remanded for appointment of new counsel, at which time Appellant=s present appellate counsel was appointed.  Appellant argues that his appointed counsel
was ineffective because he failed to file a motion for new trial and failed to
obtain a ruling on his motion to withdraw, which would have allowed new counsel
to file a motion for new trial. 
Appellant contends that a motion for new trial would have permitted him
to develop his claim that his counsel rendered ineffective assistance at the
punishment hearing.













Following sentencing,
when trial counsel does not withdraw and is not replaced by new counsel, a
presumption exists that trial counsel continued to effectively represent the
defendant during the time for filing a motion for new trial.  Kane v. State, 80 S.W.3d 693, 695
(Tex. App.CFort Worth 2002,
pet. ref=d); see Smith
v. State, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000); Oldham v. State,
977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied,
525 U.S. 1181 (1999).  Although Appellant=s trial counsel filed a motion to withdraw, that motion
was not acted upon until March 16, 2004; therefore, he was still the attorney
of record through the time period for filing a motion for new trial.  Appointed trial counsel remains as the
defendant's counsel for all purposes until he is expressly permitted to
withdraw, even if the appointment was for the trial only.  Ward v. State, 740 S.W.2d 794, 798
(Tex. Crim. App. 1987); Ortega v. State, 837 S.W.2d 831, 832 (Tex. App.CSan Antonio 1992, no pet.).  There is no evidence in the record that trial
counsel thought his duties were through and abandoned Appellant.  See Kane, 80 S.W.3d at 695.  Accordingly, the presumption that trial
counsel continued to effectively represent Appellant during the time for filing
a motion for new trial has not been rebutted. 
See Oldham, 977 S.W.2d at 363 (holding that record showed that
appellant was officially represented by counsel at all times in the litigation;
therefore, he failed to overcome presumption that counsel was acting
effectively at all times).

The court of criminal
appeals has held that, when direct appeal has not provided an adequate record
to evaluate a claim which might be substantiated through additional evidence
gathered in a habeas corpus proceeding, it will not apply the general doctrine
that forbids raising a claim on habeas corpus after it was rejected on
appeal.  Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998). 
This is especially true in an ineffective assistance of counsel
claim.  Ex parte Torres, 943
S.W.2d 469, 475 (Tex. Crim. App. 1997).    


Additionally, while
expansion of the record may be accomplished in a motion for new trial, that
vehicle is often inadequate because of time constraints and because the trial
record has generally not been transcribed at this point.  Id. 
Further, mounting an ineffective assistance attack in a motion for new
trial is inherently unlikely if trial counsel remains counsel during the time
required to file such a motion.  Id.  Hence, in most ineffective assistance claims,
a writ of habeas corpus is essential to gathering the facts necessary to
adequately evaluate such claims.  Id.








We hold that the record
before us is inadequate to show that Appellant=s trial counsel was deficient in his representation of
Appellant.  Further, the record presents
no evidence to rebut the presumption that the representation Appellant received
during the time for filing a motion for new trial was adequate.  Kane, 80 S.W.3d at 696; see Smith,
17 S.W.3d at 663; Oldham, 977 S.W.2d at 363.  Accordingly, because the record is
insufficient to satisfy Strickland 's first prong, Appellant has failed
to establish that his counsel was ineffective. 
We overrule Appellant=s second and third points.

Conclusion

Having overruled all of
Appellant=s points, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER,
J.; CAYCE, C.J.; and MCCOY, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2005

 

 

 

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant
also argues that he was not admonished that his conviction could be used for
enhancement in a later conviction.  The
court of criminal appeals has held that it is unnecessary for the court to
admonish a defendant that a conviction on a plea of guilty may be later used
for enhancement purposes.  Meadows v.
State, 499 S.W.2d 156, 157 (Tex. Crim. App. 1973); Worton v. State,
492 S.W.2d 519, 520 (Tex. Crim. App. 1973). 
Additionally, Appellant argues that he was not advised of his right to
remain silent with respect to his guilty plea. 
However, article 26.13 of the code of criminal procedure does not
require such an admonishment.  See
Tex. Code Crim. Proc. Ann. art.
26.13.  Further, the trial court did
advise Appellant that he had the right to plead not guilty and have a jury
determine guilt or innocence.  Therefore,
this is also not a cognizable claim on appeal.





[3]By
his third point, Appellant appears to argue that he was denied due process of
the law by the denial of effective assistance of counsel.  He contends that A[c]laims
of denial of due process are not subject to the Strickland test.@  However, Appellant cites no authority for
this proposition.  Additionally,
Appellant has combined his second and third points into one argument regarding
ineffective assistance and does not make a separate due process argument.  Therefore, we will address Appellant=s
claims of ineffective assistance of counsel under the standard of review
established in Strickland.