MILLER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-014-CR

LARRY ALTON MILLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant was indicted for forgery.  He entered an open plea of guilty to the offense and pleaded true to two enhancement paragraphs and true to six habitual paragraphs.  After a hearing on punishment, a jury assessed Appellant’s punishment at twenty years’ confinement.  In three points, Appellant argues that the trial court erred by failing to properly admonish him, that he was denied effective assistance of counsel, and that he was denied due process by his counsel.  We affirm.

Factual and Procedural Background

Because the sufficiency of the evidence is not challenged, we need only briefly discuss the facts of this case.  Appellant lived next door to Robert Britt.  Mr. Britt had been married to Evangelin for almost twenty-five years before her death in April of 2003.  Subsequently, Appellant agreed to do some work on Mr. Britt’s mobile home.   While Appellant was at Mr. Britt’s residence, he took some checks from the middle of Mr. Britt’s checkbook.  Appellant testified that he and a friend signed Mr. Britt’s wife’s name to one of the checks, backdated it to a date before she died, and that Appellant attempted to cash it at a bank.  Appellant was arrested and subsequently pleaded guilty. 

Admonishments

In his first point, Appellant argues that the trial court erred by failing to properly admonish him under Texas Code of Criminal Procedure article 28.13 so as to ensure the voluntariness of his plea.  Specifically, he complains that he was not admonished regarding the deportation consequences of his guilty plea and that the trial court did not review the victim impact statement.
(footnote: 2)  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(4), (e) (Vernon Supp. 2004-05).

Prior to accepting a guilty plea, the trial court is required to admonish a defendant of “the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.”  
Id
. art. 26.13(a)(4).  However, “substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.”  
Id
. art. 26.13(c)(Vernon 1989).

In this case, before accepting his guilty plea, the trial court fully admonished Appellant regarding the range of punishment and ensured that Appellant was entering his guilty plea freely and voluntarily.  However, the trial court failed to admonish Appellant regarding the deportation consequences of his guilty plea.  Failure to admonish Appellant regarding his deportation status is nonconstitutional error and is subject to a harm analysis under Rule 44.2(b).  
See Carranza v. State
, 980 S.W.2d 653, 656, 658 (Tex. Crim. App. 1998)
.  Under that rule, we disregard the error if it does not affect Appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b).  Appellant’s substantial rights are not affected unless he can show that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.  
Carranza
, 980 S.W.2d at 658.

The record indicates that Appellant was born in Fort Worth, Texas.  Therefore, he is a United States citizen and not subject to deportation.  As a result, the trial court's failure to admonish Appellant concerning the deportation consequences of his plea is harmless.  
See Cain v. State
, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); 
Duncan v. State
, 6 S.W.3d 794, 796 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).

Appellant also contends that the trial judge did not review the victim impact statement as required under article 26.13. 
 This section provides that “[b]efore accepting a plea of guilty or a plea of nolo contendere, the court shall inquire as to whether a victim impact statement has been returned to the attorney representing the [S]tate and ask for a copy of the statement if one has been returned.”  
Tex. Code Crim. Proc. Ann.
 art. 26.13(e)(Vernon Supp. 2004-05).  The record is silent as to whether a victim statement was actually completed and as to whether the trial court inquired into this matter.  But as Appellant correctly recognizes, “[t]he failure of the court to comply with Subsection (e) of this article is not grounds for the defendant to set aside the conviction, sentence, or plea.”  
Tex. Code Crim. Proc. Ann.
 art. 26.13(f).  Therefore, because we hold that Appellant was not harmed by the trial court’s failure to admonish him regarding his deportation status, and because Appellant cannot complain of the trial court’s failure to inquire into the existence of a victim impact statement, we overrule Appellant’s first point.

Ineffective Assistance of Counsel

In his second and third points Appellant argues that he was denied effective assistance of counsel.  Appellant’s contentions are largely based on alleged omissions by his trial counsel, including complaints that his appointed trial counsel failed to file any “meaningful pretrial pleadings, requests[,] or motions,” “misinformed or failed to inform” him, coerced him into entering a plea of guilty, and only briefly communicated with him and potential witnesses. Additionally, Appellant argues that his counsel was ineffective for failing to file a motion for new trial.

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant must show that 
his
 counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).
(footnote: 3)
 In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

Direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped.  
Goodspeed v. State
, No. PD-1882-03, 2005 WL 766996, at *2 (Tex. Crim. App. April 6, 2005).  This is true with regard to the question of deficient performance—in which counsel’s conduct is reviewed with great deference, without the distorting effects of hindsight—where counsel’s reasons for failing to do something do not appear in the record.  
Id
.  The court of criminal appeals has said that “trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.”  
Id
. (citing 
Rylander v. State
, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)).  Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it.  
Id
.  

Appellant’s claim of ineffective assistance of counsel is premised largely on alleged omissions by his trial counsel.  Therefore, the record before us on direct appeal is not sufficiently developed to allow us to evaluate Appellant’s claim as to those omissions.  
When the record is silent regarding counsel's reasons for his conduct, we will defer to counsel's decisions if there is at least the possibility that the conduct could have been legitimate trial strategy.
  
Ortiz v. State
, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002), 
cert. denied
, 538 U.S. 998 (2003).

Appellant also argues that he was denied effective assistance of counsel during the time period for filing a motion for new trial.  The trial court sentenced Appellant on January 6, 2004.  On January 9, 2004, Appellant’s trial counsel filed a notice of appeal and a motion to withdraw.  However, according to the trial judge’s docket sheet, an order denying counsel’s motion to withdraw was not executed until March 18, 2004.  In the interim, Appellant’s trial counsel filed a motion to withdraw with this court on March 16, 2004.  This court abated the appeal and remanded for appointment of new counsel, at which time Appellant’s present appellate counsel was appointed.  Appellant argues that his appointed counsel was ineffective because he failed to file a motion for new trial and failed to obtain a ruling on his motion to withdraw, which would have allowed new counsel to file a motion for new trial.  Appellant contends that a motion for new trial would have permitted him to develop his claim that his counsel rendered ineffective assistance at the punishment hearing.

Following sentencing, when trial counsel does not withdraw and is not replaced by new counsel, a presumption exists that trial counsel continued to effectively represent the defendant during the time for filing a motion for new trial.  
Kane v. State
, 80 S.W.3d 693, 695 (Tex. App.—Fort Worth 2002, pet. ref’d); 
see Smith v. State
, 17 S.W.3d 660, 662 (Tex. Crim. App. 2000);
 Oldham v. State
, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) (op. on reh'g), 
cert. denied
, 525 U.S. 1181 (1999).  Although Appellant’s trial counsel filed a motion to withdraw, that motion was not acted upon until March 16, 2004; therefore, he was still the attorney of record through the time period for filing a motion for new trial.  Appointed trial counsel remains as the defendant's counsel for all purposes until he is expressly permitted to withdraw, even if the appointment was for the trial only.  
Ward v. State
, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); 
Ortega v. State
, 837 S.W.2d 831, 832 (Tex. App.—San Antonio 1992, no pet.).  There is no evidence in the record that trial counsel thought his duties were through and abandoned Appellant.  
See Kane
, 80 S.W.3d at 695.  Accordingly, the presumption that trial counsel continued to effectively represent Appellant during the time for filing a motion for new trial has not been rebutted.  
See Oldham
, 977 S.W.2d at 363 (holding that record showed that appellant was officially represented by counsel at all times in the litigation; therefore, he failed to overcome presumption that counsel was acting effectively at all times).

The court of criminal appeals has held that, when direct appeal has not provided an adequate record to evaluate a claim which might be substantiated through additional evidence gathered in a habeas corpus proceeding, it will not apply the general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal.  
Jackson v. State
, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).  This is especially true in an ineffective assistance of counsel claim.  
Ex parte Torres
, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).     

Additionally, while expansion of the record may be accomplished in a motion for new trial, that vehicle is often inadequate because of time constraints and because the trial record has generally not been transcribed at this point.  
Id
.  Further, mounting an ineffective assistance attack in a motion for new trial is inherently unlikely if trial counsel remains counsel during the time required to file such a motion.  
Id
.  Hence, in most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims.  
Id
.

We hold that the record before us is inadequate to show that Appellant’s trial counsel was deficient in his representation of Appellant.  Further, the record presents no evidence to rebut the presumption that the representation Appellant received during the time for filing a motion for new trial was adequate.  
Kane
, 80 S.W.3d at 696; 
see Smith
, 17 S.W.3d at 663; 
Oldham
, 977 S.W.2d at 363.  Accordingly, because the record is insufficient to satisfy 
Strickland
 's first prong, Appellant has failed to establish that his counsel was ineffective.  We overrule Appellant’s second and third points.

Conclusion

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant also argues that he was not admonished that his conviction could be used for enhancement in a later conviction.  The court of criminal appeals has held that it is unnecessary for the court to admonish a defendant that a conviction on a plea of guilty may be later used for enhancement purposes.  
Meadows v. State
, 499 S.W.2d 156, 157 (Tex. Crim. App. 1973); 
Worton v. State
, 492 S.W.2d 519, 520 (Tex. Crim. App. 1973).  Additionally, Appellant argues that he was not advised of his right to remain silent with respect to his guilty plea.  However, article 26.13 of the code of criminal procedure does not require such an admonishment.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13.  Further, the trial court did advise Appellant that he had the right to plead not guilty and have a jury determine guilt or innocence.  Therefore, this is also not a cognizable claim on appeal.

3:
By his third point, Appellant appears to argue that he was denied due process of the law by the denial of effective assistance of counsel.  He contends that “[c]laims of denial of due process are not subject to the 
Strickland
 test.”  However, Appellant cites no authority for this proposition.  Additionally, Appellant has combined his second and third points into one argument regarding ineffective assistance and does not make a separate due process argument.  Therefore, we will address Appellant’s claims of ineffective assistance of counsel under the standard of review established in 
Strickland
.