

**IN THE
TENTH COURT OF APPEALS**

**No. 10-18-00142-CR
No. 10-18-00147-CR**

**EX PARTE JOHN R. POWELL**

From the 12th District Court
Walker County, Texas
Trial Court Case Nos. 27986 & 25048

# OPINION

John R. Powell was charged with sexual assault, *see* TEX. PENAL CODE ANN. § 22.011 (West 2019), and placed on deferred adjudication community supervision in 2010 for seven years in trial court case number 25048.[1]  Later, Powell was again charged with sexual assault, *id.*, in trial court case number 27986.  He filed a single pretrial writ of habeas corpus in both cases contending that section 12.42(c)(2) and (g)(1) is unconstitutional on its face and as applied and that his plea of guilty in case number 25048 was involuntary.  After a hearing, the trial court denied his application in both cases.  Because a constitutional challenge to section 12.42(c)(2) and (g)(1) is not cognizable

---

[1] It was established at the writ hearing that a motion to adjudicate had been filed by the State but had not been ruled upon.

in a pretrial writ of habeas corpus, and because Powell did not establish his plea was involuntary, the trial court's Order, signed on May 8, 2018, is affirmed.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision to grant or deny an application for writ of habeas corpus under an abuse-of-discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). When the resolution of any ultimate question turns on an application of legal standards, we review the trial court's ruling de novo. *Doyle v. State*, 317 S.W.3d 471, 475 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

## VOLUNTARINESS OF PLEA

In his first issue, Powell contends his plea in case number 25048 was involuntary because he was not admonished that a sentence of deferred adjudication would constitute a final conviction under certain circumstances. In essence, Powell complains that he should have been admonished of the collateral consequences of his plea if he committed another sexual assault.

Section 12.42(c)(2) and (g)(1) of the Texas Penal Code provides:

(c)(2) Notwithstanding Subdivision (1), a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life if:

(A) the defendant is convicted of an offense:

(i) under Section 20A.02(a)(7) or (8), 21.11(a)(1), 22.021, or 22.011 [sexual assault], Penal Code;…and

(B) the defendant has been previously convicted of an offense:

(ii) under Section 20A.02(a)(7) or (8), 21.02, 21.11, 22.011 [sexual assault],

22.021, or 25.02, Penal Code….

***

(g) For the purposes of Subsection (c)(2):

(1) a defendant has been previously convicted of an offense listed under Subsection (c)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision.

*See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A), (B) and (g)(1) (West 2019).  In other words, because Powell entered a plea of guilty to a sexual assault charge in return for a grant of deferred adjudication, regardless of whether he was ever adjudicated guilty, he "shall be punished" by life in prison if, in the future, he is convicted of sexual assault.

An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence.  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  When a person attacks the validity of his prior guilty plea as that plea is reflected in the written judgment, he bears the burden of defeating the normal presumption that recitals in the written judgment are correct.  *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013).  Those written recitals are binding in the absence of direct proof of their falsity.  *Id*.

In his application, Powell faults both his attorney and the trial court for the failure to admonish him of the collateral consequences of his plea.  On appeal, however, Powell does not fault his attorney for the failure to admonish him.  Thus, we discuss only whether the trial court was required to admonish Powell regarding the consequences of

Powell's plea should Powell commit another offense of sexual assault.[2]

Powell provides no statutory or case authority that would suggest the trial court was required to admonish him beyond what is required in article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West 2009). His only authority cited is *State v. Guerrero*, 400 S.W.3d 576 (Tex. Crim. App. 2013), in which he specifically relies on the Court's statement that the recitals in a judgment are presumed correct. This does not support his argument that the trial court was required to admonish him on the potential collateral consequences of his plea.

Article 26.13 requires only that a court explain to a defendant who pleads guilty the range of punishment within which the court will assess the punishment in that specific case. *Meadows v. State*, 499 S.W.2d 156, 157 (Tex. Crim. App. 1973); TEX. CODE CRIM. PROC. ANN. art. 26.13 (West 2009). Further, it is unnecessary for a court to admonish a defendant that a conviction on a plea of guilty may be later used for enhancement purposes. *Id.* Because a court is not required to admonish a defendant that a conviction could be used to enhance a subsequent charge, we see no need to require a court to do so when a defendant pleads guilty to a sexual assault charge in return for a grant of deferred adjudication. *Cf. Ex parte Villalpando*, 85 S.W.3d 832, 835 (Tex. App.—Waco 2002, no pet.) (court not required to admonish misdemeanor defendants when not required to do so for felony defendants).

Powell's first issue is overruled.

---

[2] This limitation on our discussion should not be construed to mean that we believe that trial court had the duty to admonish Powell about the impact on his sentence if, in the future, he was convicted of sexual assault. It simply means that issue is not in front of us.

## CONSTITUTIONAL CHALLENGE

In his second issue, Powell contends the provisions of section 12.42(c)(2) and (g)(1) are unconstitutional as applied to him.[3] Specifically, Powell contends that the provisions are unconstitutional under the 6th, 8th, and 14th Amendments to the United States Constitution. However, Powell did not raise a 6th Amendment or 14th Amendment challenge to the constitutionality of the provisions in his application or before the trial court. Accordingly, those challenges are not preserved and present nothing for review. TEX. R. APP. P. 33.1(a)(1).

Next, we determine whether Powell's constitutional challenge based on a violation of the 8th amendment is cognizable in a pretrial writ of habeas corpus.

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). As such, appellate courts must be careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). Except when double jeopardy is involved, pretrial habeas is not cognizable when the question presented, even if resolved in the defendant's favor,

---

[3] Powell does not contend on appeal, as he did in his pretrial writ application, that the statute is also unconstitutional on its face.

would not result in immediate release. *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017); *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *Ex parte Ruby*, 403 S.W.2d 129, 130 (Tex. Crim. App. 1966).

Powell was charged with Sexual Assault in both cases. If we determined section 12.42(c)(2) and (g)(1) to be unconstitutional, that determination would not result in Powell's release in either case. It would only potentially reduce the punishment assessed in trial court case number 27986. Accordingly, Powell's challenge to the constitutionality of section 12.42(c)(2) and (g)(1) is not cognizable by way of a pretrial writ of habeas corpus.

Powell's second issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's Order signed on May 8, 2018.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins[4]
Affirmed
Opinion delivered and filed February 20, 2019
Publish
[CR25]



---

[4] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).