PD-1289-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/14/2015 11:48:32 PM
Accepted 10/15/2015 3:19:55 PM
ABEL ACOSTA
CLERK

# PD-1289-15

In The

## Court of Criminal Appeals

JOSE J. LOPEZ

*Petitioner/Appellant,*

V.

STATE OF TEXAS

*Respondent/Appellee.*

Petition from the 85th District Court, Brazos County, Texas

Cause No 10-01439-CRF-85-A and

10-14-00378-CR in the Tenth Court of Appeals

## PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

October 15, 2015

ABEL ACOSTA, CLERK

George W. Vie III
*gvie@millsshirley.com*
MILLS SHIRLEY L.L.P.
2228 Mechanic Street, Suite 400
Galveston, Texas 77550
(713) 571-4232
Fax (713) 893-6095

*Attorneys for Petitioner/Appellant*

## IDENTITY OF JUDGES, PARTIES, AND COUNSEL

TRIAL JUDGE:     85th District Court, Brazos County
Hon. Kyle Hawthorne

APPELLANT:

Jose Jesus Fajardo Lopez

APPELLANT'S APPELLATE ATTORNEYS:

George W. Vie III
Mills Shirley L.L.P.
2228 Mechanic Street, Suite 400
Galveston, Texas 77550

APPELLANT'S TRIAL ATTORNEY FOR THE WRIT:

Gary M. Polland
2211 Norfolk Street, Suite 920
Houston, Texas 77098

APPELLANT'S TRIAL ATTORNEY:

Louis Gimbert
308 E. 27th Street
Bryan, Texas 77803

APPELLEE:

State of Texas

APPELLEE'S ATTORNEY:

> Jessica Escue
> Assistant District Attorney
> Brazos County Criminal District Attorney
> 300 East 26th, Suite 310
> Bryan, Texas 77803

# TABLE OF CONTENTS

Identity of Judges, Parties, and Counsel ...........................................................i

Table of Contents .........................................................................................iii

Index of Authorities .....................................................................................iv

Statement Regarding Oral Argument ............................................................ 1

Statement of the Case .................................................................................. 1

Statement of Facts ........................................................................................2

Statement of Procedural History ................................................................. 7

Questions Presented for Review ................................................................... 7

Argument and Authorities ............................................................................ 7

    Argument as to Question One Presented:................................................ 9

    Argument as to Question Two Presented: ............................................. 12

Prayer for Relief...........................................................................................17

Certificate of Compliance ........................................................................... 18

Certificate of Service .................................................................................. 19

Appendix

    Tab 1 Opinion and Judgment of Court of Appeals

## INDEX OF AUTHORITIES

### Cases

*Cuyler v. Sullivan*,

446 U.S. 335 (1980) ............................................................................... 10

*Ex parte Arjona*,

402 S.W.3d 312 (Tex. App.—Beaumont 2013, no pet) .....................................11

*Ex parte Godinez*,

No. 10-13-00063-CR, 2014 WL 98816, at *4, n.3 (Tex. App.—Waco Jan. 9, 2014, pet. ref'd) (mem. op.)..................................................................... 14

*Ex parte Moussazadeh,*

361 S.W.3d 684 (Tex. Crim. App. 2012) ............................................................ 9

*Ex parte Villalpando*,

85 S.W.3d 832 (Tex. App.—Waco 2002, pet. ref'd) ........................................ 10

*Hill v. Lockhart*,

474 U.S. 52 (1985) ........................................................................... 8, 10

*Hughes v. State*,

833 S.W.2d 137 (Tex. Crim. App. 1992)............................................................13

*Lafler v. Cooper*,

_____ U.S. _____, 132 S. Ct. 1376 (2012)................................................................ 10

*Liggins v. State*,

979 S.W.2d 56 (Tex. App.—Waco 1998, pet. ref'd) ........................................ 12

*Marroquin v. United States*,

480 Fed. App'x 294 (5th Cir. 2012) .................................................................13

*Massiah v. United States*,

377 U.S. 201 (1964) ........................................................................ 12

*McMann v. Richardson*,

    397 U.S. 759 (1970) ................................................................... 10

*Missouri v. Frye*,

    132 S. Ct. 1399 (2012)................................................................. 12

*Perez v. State*,

    310 S.W.3d 890 (Tex. Crim. App. 2010)............................................ 10

*Strickland v. Washington*,

    466 U.S. 668 (1984).................................................................. 10

*Thompson v. State,*

    9 S.W.3d 808 (Tex. Crim. App. 1999)............................................... 14

*United States v. Batamula*,

    788 F.3d 166 (5th Cir. 2015) ....................................................... 16

To The Honorable Court of Criminal Appeals:

Petitioner here, and Appellant before the court of appeals, Jose J. Lopez submits this Petition for Discretionary Review requesting the Court grant discretionary review of the decision of the Tenth Court of Appeals to affirm appellant's denial of his application for a writ of habeas corpus. Tex. R. App. P. 68.1.

## STATEMENT REGARDING ORAL ARGUMENT

Because Appellant believes that oral argument will materially assist the Court in its evaluation of matters raised by this petition, appellant respectfully requests oral argument.

## STATEMENT OF THE CASE

Appellant Lopez, a native and citizen of Mexico, was indicted in Brazos County, Texas. He later pleaded guilty to the second degree felony charge of attempted delivery of controlled substance (marijuana) to a minor. CR 69. His guilty plea was made with representation of counsel. CR 71. The district court deferred an adjudication of guilt and placed Lopez on community supervision for a period of five years. CR 71.

Through new counsel, Lopez filed a writ of habeas corpus under Texas Code of Criminal Procedure Article 11.072. CR 5-37. Notice of appeal was timely filed

after the district court's entry of its Order and Findings of Fact denying the application for a writ of habeas corpus. CR 89-90; 94. On appeal and by written submission, the court of appeals affirmed the denial of the application.

## STATEMENT OF FACTS

Lopez, a citizen of Mexico, filed an application for a writ of habeas corpus under Texas Code of Criminal Procedure Article 11.072 § 6. CR 5-9. He complained in that application of his attorney's ineffective assistance of counsel, which impacted the voluntariness of his plea to the charge of a state jail felony of attempted delivery of controlled substance (marijuana) to a minor. CR 6.

Lopez submitted an affidavit in support of his application, in which he testified that his trial counsel had advised him to plead guilty to the felony offense of the second degree felony charge of attempted delivery of controlled substance (marijuana) to a minor. CR 11-12. Lopez stated that he had informed his attorney prior to that time that Lopez was from Mexico and not a citizen of the United States. CR 11. Lopez said that his attorney told him nothing of the legal consequences, under the immigration laws, to the plea of guilty he made. Specifically, Lopez stated he was not informed a guilty plea would make him "presumptively deportable." CR 11. Lopez added that had he been informed of the

immigration consequences, he would have refused to plead guilty and instead would have insisted on a trial "as that would have been my only alternative to avoid deportation." CR 11. Lopez also said that the warnings in the forms he reviewed, and the trial court's admonishments, did not inform him that he would be "mandatorily deportable." CR 11-12.

Lopez attached to his application an affidavit from Raed Gonzalez, a Texas attorney exclusively practicing immigration law.CR 14-25. Gonzalez testified that he had been involved in several precedential appellate cases involving immigration and naturalization issues, CR 14, and had served as an expert in immigration cases and disciplinary matters for the State Bar of Texas. CR 15. Retained as an expert in this writ of habeas corpus proceeding, Gonzalez recited certain background facts relevant to his opinions. Most notably, Lopez had informed Gonzalez that Lopez's trial lawyer had advised him a deferred adjudication would not be considered a conviction for immigration purposes. CR 15. Gonzalez stated that under federal immigration law, a deferred adjudication was a conviction, as the term was defined in the Immigration and Nationality Act. CR 16. Gonzalez also explained that the offense to which Lopez had pleaded guilty was considered a "trafficking offense" and therefore an "aggravated felony." CR 16. Gonzalez stated such an offense

under the Immigration and Nationality Act stood as a ground of inadmissibility and deportation. CR 16. Gonzalez related that Lopez's plea also involved a controlled substance, and the Immigration and Nationality Act renders an alien with a controlled substance offense inadmissible and deportable. CR 17.

Gonzalez added that the amount marijuana at issue affected the ability to obtain a waiver.CR 17 (Para. 32), CR 18 (Para. 38). Gonzalez opined that without the plea, Lopez might have been able to seek relief from deportation. CR 18 (Para. 41). In his affidavit, Gonzalez related Lopez's affirmation that he had not been told the correct consequences of a guilty plea and the dire consequences of pleading guilty to a controlled substance. CR 17, 19. Gonzalez then opined that a competent criminal attorney would have reviewed the applicable immigration law, or would have been advised of that law by competent immigration counsel, before advising a client to proceed with a guilty plea to the offense at issue. CR 19. Gonzalez further opined that Lopez's counsel's performance was below the minimal standards of professional conduct, and rendered Lopez's plea uninformed and involuntary. CR 17-18 (Para. 35-37). Gonzalez concluded that Lopez had been prejudiced by not knowing the immigration consequences of accepting a plea and the consequences of pleading guilty to a controlled substance offense. CR 19.

The trial court requested that Lopez's trial counsel respond by affidavit to the allegations of the application for a writ of habeas corpus. CR 44. Counsel did so, and the affidavit was made part of the State's answer (*see* CR 60, referencing Exhibit E; CR 79-81; *See also* Appendix at Tab 4). In that affidavit, Lopez's trial counsel Louis A. Gimbert testified that the State had offered straight probation with ten days of jail as a condition of probation. CR 79. Mr. Gimbert added that Lopez was concerned about the ten days of jail and likely deportation because the Brazos County Sheriff notifies ICE when a person in jail is illegally in the country. CR 79-80. The offer later removed the jail-time component, CR 80. Mr. Gimbert stated that he informed Lopez deferred adjudication was "preferable to a conviction as far as Texas law is concerned," CR 80, but the adjudication would be considered a conviction for immigration purposes. Id. Mr. Gimbert says he told Lopez that he would "likely" be deported if he came into immigration custody and his case would "likely be used against him for immigration purposes." CR 80. Mr. Gimbert also testified that Lopez's "main concern in this case was the very likely probability of deportation in the event he received ten days [of jail] as a condition of probation. Once the prosecutor removed that condition, Mr. Lopez no longer wanted to go to trial." CR 81.

After receiving an extension of time to respond, (CR 41-3, 44), the State answered the application for a writ of habeas corpus. CR 57-88. It agreed that under *Padilla v. Kentucky*, 559 U.S. 356 (2010), inaccurate advice regarding deportation consequences may constitute ineffective assistance of counsel, CR 58, but stated trial counsel's "credible affidavit" rebutted Lopez's claims. CR 59. The State also asserted that the plea papers, CR 64-67, and admonishments from the trial court during the plea hearing (CR 84) were additional warnings, and in light of those there was no showing that trial counsel's performance was deficient or Lopez's guilty plea would have been different. CR 61.

After consideration, the trial court entered findings of fact and an order denying habeas relief. CR 89-90. The trial court found that Lopez had alleged no facts that supported his relief; that his grounds for relief had no basis in the record and were without merit; that Mr. Gimbert had provided effective assistance of counsel; that Lopez's plea was made freely, voluntarily, and intelligently; and that Lopez had been warned by counsel, the trial court, and the plea papers.

Lopez then timely filed his notice of appeal. CR 94-100.

## STATEMENT OF PROCEDURAL HISTORY

The Tenth Court of Appeals issued its Opinion affirming the trial court judgment on August 13, 2015. *See Lopez v. State*, 10-14-00378-CR (Tex. App.—Waco, Aug. 13, 2015, no. pet. h.) (mem. op., not designated for publication); Appendix at Tab 1. No motion for rehearing was filed.

Appellant timely filed a motion for extension to petition this Court for discretionary review of the court of appeals' judgment. That motion was granted, and this Petition is timely filed.

## QUESTIONS PRESENTED FOR REVIEW

1. Did the court of appeals erred in affirming the denial of the application for a writ of habeas corpus where appellant's trial counsel rendered ineffective assistance of counsel? Counsel failed to advise appellant that his plea of guilty would make him preemptively deportable, and did not fully advise him of the significant immigration consequences of a plea to a controlled substance offense. Therefore, the plea was not made knowingly and voluntarily.

2. Did the court of appeals err in determining admonishments of the trial court, or the plea papers, can substitute for the advice of trial counsel, even under a "totality of the representation analysis"?

## ARGUMENT AND AUTHORITIES

The Sixth Amendment requires effective assistance of counsel at the various critical stages of a criminal proceeding. The constitutional protections include

critical pretrial stages. *Padilla v. Kentucky* confirmed that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel. In this context, the *Strickland* prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985).

The decision to plead guilty and to accept the consequences of the waiver of trial cannot be knowingly and intelligently made without the advice of counsel. And in Texas, in order for a guilty plea to be consistent with due process of law, it must be entered knowingly, intelligently, and voluntarily. Lopez was denied effective assistance of counsel in connection with his guilty plea. Lopez was not told that he was mandatory deportable; he was also not told the specific immigration consequence of his controlled substance plea and not advised as to lost opportunities to alter the immigration consequences of his offense, if the plea were handled differently. Lopez established that had he known the actual immigration consequences, he would have rejected making a guilty plea and insisted on trial. His plea was therefore not voluntary.

The court of appeals erred in affirming the denial of the application for a writ of habeas corpus. *Padilla v. Kentucky*, 559 U.S. 356 (2010) imposes significant

obligations on defense counsel to admonish and advise of immigration consequences, and these obligations cannot be satisfied by the trial court or plea papers. Even under the court of appeals' analysis, the focus must be on what counsel did to advise the client before the plea was taken, and not what occurred standing before the trial judge, or what was generically referenced in court papers, all after the decision to accept a plea had already been made.

**Argument as to Question One Presented:**

The trial court erred in denying the application for a writ of habeas corpus because Lopez's trial counsel rendered ineffective assistance of counsel. Counsel, according to Lopez, failed to correctly advise Lopez that his plea of guilty would constitute a conviction under immigration law, and that pleading to the offense at issue would make him preemptively deportable. Therefore, Lopez's plea was not made knowingly and voluntarily.

A plea of guilty is not voluntary if it was made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh,* 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). To obtain habeas corpus relief on the ground of ineffective assistance of counsel, an application must establish that trial counsel's performance fell below an objective standard of reasonableness; and a reasonable probability exists that, but

for counsel's errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Under *Strickland v. Washington* "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. 668 at 696. This Court adopted the *Strickland* standard in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986).

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper*, ____ U.S. ____, 132 S. Ct. 1376, 1384 (2012). Defendants are thus entitled to effective advice from competent counsel during the plea negotiation. Defendants who plead guilty as the product of a plea negotiation, on advice of counsel, may attack the voluntary and knowing character of the guilty plea if the advice was below the proper standard. *See Hill v. Lockhart*, 474 U.S. 52, 54 (1985). Thus, a guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) citing *McMann v. Richardson*, 397 U.S. 759 (1970). In Texas too, a guilty plea must be knowingly, intelligently, and voluntarily entered. *Ex parte Villalpando*, 85 S.W.3d 832, 836 (Tex. App.—Waco 2002, pet. ref'd).

In *Padilla v. Kentucky*, the Supreme Court held that that the Sixth Amendment imposes on attorneys representing noncitizen criminal defendants a constitutional duty to advise defendants about the potential immigration removal consequences arising from a guilty plea. Further, the Court reasoned, "It is our responsibility under the Constitution to ensure that no criminal defendant — whether a citizen or not — is left to the 'mercies of incompetent counsel.'"559 U.S. 356 (2010). Thus, as recognized in *Padilla*, Lopez's trial attorney had a professional obligation to preserve his right to remain in the United States and accurately advise him of the actual immigration consequences of his plea.

"When the law is not succinct and straightforward, a defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of deportation;" but "if a deportation consequence is truly clear, as when the client is subject to automatic deportation, the duty to give correct advice is equally clear, and counsel must advise the client accordingly." *Ex parte Arjona*, 402 S.W.3d 312, 315 (Tex. App.—Beaumont 2013, no pet). In this case, Lopez established by the testimony of his expert on immigration law that Lopez's counsel's performance was below the minimal standards of professional conduct, which rendered Lopez's plea uninformed and involuntary. It is settled that a defendant "require[s] effective

counsel during plea negotiations. Anything less . . . might deny a defendant effective representation by counsel at the only stage when legal aid and advice would help him." *Massiah v. United States*, 377 U.S. 201, 204, (1964). "In today's criminal justice system, [ ], the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant." *Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012).

**Argument as to Question Two Presented:**

The measure of trial counsel's effectiveness comes from that performance at the plea bargaining stage, and not from the trial court's separate duty to determine the general consequences of the plea. The admonishments of the trial court cannot substitute for the advice of trial counsel.

"Before accepting a defendant's guilty plea, a trial court must satisfy itself that the accused understands 'the consequences of his plea.'" *Liggins v. State*, 979 S.W.2d 56, 67 (Tex. App.—Waco 1998, pet. ref'd) citing Tex. Code Crim. Proc. Ann. art. 26.13(c). Article 26.13 of the Texas Code of Criminal Procedure requires a trial court to admonish a defendant, either orally or in writing, before accepting a guilty plea. And when a trial court substantially complies with article 26.13, it creates a *prima facie* showing that the defendant's guilty plea was entered

knowingly and voluntarily. When the trial court substantially complies with article 26.13, it creates a prima facie showing that the defendant's guilty plea was entered knowingly and voluntarily. *See Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992). But the issue here is the special circumstances of the admonishments provided by lawyer to client about the deportation consequences of entering a guilty plea; in that context, the inquiry goes further.

Lopez contends that warnings during the plea process from a judge cannot adequately substitute for legal advice from an attorney during the plea negotiation process. A defendant cannot reasonably be expected to reassess the advantages and disadvantages of a plea that defense counsel has recommend based on information regarding deportation disclosed by the judge, at the plea colloquy. *See Marroquin v. United States*, 480 Fed. App'x 294, 301 (5th Cir. 2012) (considering analogous federal proceeding). In this case, the trial court's warning of immigration consequences are as follows:

> Do you understand that by pleading guilty it could affect your ability to become a US citizen?
>
> Yes ma'am.
>
> That they can use this, ah, I know it's a call for deferred and if I accept it, it will be deferred but they could use this to keep you from obtaining your citizenship? I understand, ma'am.
>
> Do you also understand that it could be used to deport you?

Yes ma'am.

It also could be used that if you are deported, it could be used to keep you from being allowed legal re-entry back into this country? You understand that?

Yes ma'am.

Understanding these things, do you still wish to ask the court to accept this agreement?

Yes ma'am.

CR 84. *See Lopez v. State*, 10-14-00378-CR at * 6–7.

Any evidence of prejudice in the record cannot be discounted simply because the trial court gave short warnings at the time of accepting the plea. The context and timing of the information provided to a defendant is an important consideration in its value and, ultimately, its part in providing constitutionally effective representation. Simply put, the "critical" period to examine is counsel's performance during the plea negotiation and advice phase, not the plea hearing.

Lopez acknowledges that the lower court of appeals had explained its review of the effectiveness of trial counsel's assistance and the duty under *Padilla* is based on "the totality of the representation, not on isolated incidents." *Ex parte Godinez*, No. 10-13-00063-CR, 2014 WL 98816, at *4, n.3 (Tex. App.—Waco Jan. 9, 2014, pet. ref'd) (mem. op.) citing this Court in *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). But notwithstanding the "totality of the representation

- 14 -

analysis," Lopez contends that an immigration admonishment – perhaps just three sentences in the midst of a court proceeding – is not a constitutionally adequate replacement for advice from defense counsel in a non-confrontation setting. The trial court's efforts to determine the minimal voluntariness of a plea should not be considered a proxy for effective assistance during the plea bargaining process, "a process which necessarily precedes the defendant's decision whether or not to accept a plea." *Marroquin*, 480 Fed. App'x at 298 (Dennis, J., concurring).

Further, the issue before the trial court in deciding the application is whether counsel's performance affected the outcome of the plea process. Counsel's performance during the plea negotiation process should not be measured by a judge's performance in accepting the defendant's guilty plea as voluntary. A trial court's warning is not an adequate stand-in for timely legal advice. And a defendant is unlikely at the colloquy stage to properly assess and balance the trial court's comments with the advice and information that defendant has received to that point from his or her attorney. Indeed the Supreme Court in *Padilla* explained that given the severity of deportation, it was critical for *counsel* to inform the nonclient citizen she faced deportation, even though it noted "many States require the trial

courts to advise defendants of possible immigration consequences." 559 U.S. 356, 373-74, n.15.

> The court of appeals held that
>
> Lopez's trial counsel informed Lopez of the immigration consequences of his plea. The trial court further admonished Lopez on the immigration consequences of his plea, and Lopez indicated that he understood the consequences

*7. On that basis the court of appeals overruled appellant's issue asserting that admonishments of the trial court cannot substitute for the advice of trial counsel.

Appellant suggests the better rule, which this Court should adopt in an exercise of its supervisory powers under Tex. R. App. P. 66.3(f), is exemplified by the Fifth Circuit in *United States v. Batamula,* 788 F.3d 166, 175 (5th Cir. 2015) where the Court held the federal writ under *Padilla* was not foreclosed by the district court's admonishments at the guilty plea hearing, noting that:

> the mere fact that a defendant, who has already signed a plea agreement upon counsel's advice, is told by the trial judge that the plea will likely result in deportation does not foreclose the defendant's ability to demonstrate that "counsel's constitutionally ineffective performance affected the outcome of the plea process." Were we to hold that the judge's mere statement to [the defendant] during his plea colloquy that he would "likely" be deported vitiated his ability to establish prejudice under *Strickland* and *Padilla*, we would be turning a blind eye to the reality of the plea bargaining and plea colloquy process and flouting the Supreme Court's mandate that a defendant has a constitutionally protected right to the effective assistance of counsel

*throughout* the pre-plea stage—a right that carries more than can be supplied by a judge's general and equivocal last-moment warning that deportation is likely to result from the guilty plea.

*Id*. (internal citation omitted).

Appellant prays the Court grant discretionary review to adopt a similar holding here.

### PRAYER FOR RELIEF

For the reasons stated in this Petition, Appellant Jose Jesus Fajardo Lopez requests the Court grant this Petition for Discretionary Review, permit the parties to fully brief and argue the issues before the Court of Criminal Appeals, and thereafter reverse the judgment of the court of appeals and otherwise remand for relief or for further proceedings. Appellant requests the Court grant all other proper relief.

Respectfully submitted,

MILLS SHIRLEY L.L.P.


By:    /s/ George W. Vie III
        George W. Vie III
State Bar No. 20579310
1021 Main Street, Suite 1950
Houston, Texas 77002
(713) 225-0547
Fax (713) 225-0844
*gvie@millsshirley.com*

ATTORNEYS FOR PETITIONER/APPELLANT


## CERTIFICATE OF COMPLIANCE

This computer-generated Petition contains 4143 words according to the word count provided by Microsoft Word 2016 (version 14.0.6129.5000) in all parts of the Petition.


/s/ George W. Vie III
George W. Vie III

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the Petition for Discretionary Review was served via e-service to the following counsel of record on October 14, 2015:

Respondent/Appellee's Attorney:

Jessica Escue
Assistant District Attorney
Brazos County Criminal District Attorney
300 East 26th, Suite 310
Bryan, Texas 77803


*/s/ George W. Vie III*
George W. Vie III


Appendix Tab 1



# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00378-CR

## EX PARTE JOSE J. LOPEZ

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 10-01439-CRF-85-A

## MEMORANDUM OPINION

Jose Lopez appeals from the trial court's order denying his application for writ of habeas corpus. We affirm.

**Background Facts**

Lopez pleaded guilty to the offense of attempted delivery of a controlled substance to a minor. The trial court accepted Lopez's guilty plea, deferred adjudication of guilt, and placed Lopez on community supervision for five years with a $1000 fine. Lopez filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure alleging that his trial counsel provided ineffective assistance of counsel by failing to inform him of the immigration consequences of his plea. *See* TEX.

CODE CRIM. PRO. ANN. art. 11.072 (West 2015). The trial court ordered Lopez's trial counsel to file an affidavit responding to the allegations, and trial counsel complied. The trial court denied Lopez's application for writ of habeas corpus without an evidentiary hearing.

### Ineffective Assistance

In his first issue, Lopez argues that the trial court erred in denying his application for writ of habeas corpus because his trial counsel rendered ineffective assistance of counsel. Lopez contends that his trial counsel failed to advise him that his "plea of guilty would make him preemptively deportable, and did not fully advise him of the significant immigration consequences of a plea to a controlled substance offense."

A plea of guilty is not voluntary if it was made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). To obtain habeas-corpus relief on the ground of ineffective assistance of counsel, appellant must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S. Ct. 1473, 1482, 176 L. Ed. 2d 284 (2010); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674 (1984). A defendant has the right to effective assistance of counsel during plea proceedings. *Ex Parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). In the context of a complaint about counsel's plea advice, appellant must show: (1) counsel's plea advice did not fall within the range of competence demanded of attorneys in criminal cases; and (2) there is a reasonable probability that, but for counsel's deficient

performance, appellant would have insisted on going to trial rather that accepting the offer and pleading guilty. *Id*.

To satisfy his burden under the first prong of the test, appellant must overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance and might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065; *Ex Parte Harrington*, 310 S.W.3d at 458. Appellant bears the burden of proving counsel was ineffective by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The reasonableness of counsel's performance is judged under prevailing professional norms. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2064-5. Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065; *Thompson v. State*, 9 S.W.3d at 813. Under the second prong of the test, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068; *Thompson v. State*, 9 S.W.3d at 812.

In *Padilla v. Kentucky*, the United States Supreme Court held that "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel" and that "counsel must inform her client whether his plea carries a risk of deportation." *Padilla v. Kentucky*, 559 U.S. 356, 366-7, 130 S.Ct. 1482, 176 L.Ed.2d 294 (2010). The Court stated:

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will,

therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited.  When the law is not succinct and straightforward (as it is in many of the scenarios posited by Justice Alito), a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear … the duty to give correct advice is equally clear.

*Padilla v. Kentucky*, 559 U.S. at 369, 130 S.Ct. at 1483, 176 L.Ed.2d at 296.

In his affidavit, Lopez's trial counsel states that:

At the start of our representation, Mr. Lopez advised me that he was not a United States citizen, and further that he was in the country illegally.  From the beginning of his case, Mr. Lopez immigration status was a complicating factor.  The State had offered to place Mr. Lopez on a five year straight probation, with a $1000 fine, 200 hours of community service, and ten days in jail as a condition of probation in this case. Jail time as a condition of probation is common in Brazos County.

Mr. Lopez was afraid to go to county jail.  In Brazos County, the Sheriff generally notifies Immigration and Customs Enforcement when an inmate is in custody and he is not in the country legally.  It was therefore extremely likely that Mr. Lopez would have been deported if he had to serve these ten days.  This was Mr. Lopez's pressing concern in this case.

On April 7, 2011, I again met with Mr. Lopez and reviewed the facts and discovery with him that I had received from the prosecutor.  The prosecutor waived the requirement of serving ten days in jail if we accepted the offer in Court on April 8, 2011.  She also made an alternate offer of a seven year deferred adjudication.

On April 8, the prosecutor again agreed to lower the offer, to a five year deferred adjudication with no jail time.  During the entire pendency of the case, the immigration consequences of Mr. Lopez case were considered. I told Mr. Lopez that there were immigration consequences to him entering a plea of guilt.  I informed him that the deferred adjudication was certainly preferable to a conviction as far as Texas law is concerned, in that it is not a conviction, and under some circumstances can be sealed.  But I also informed Mr. Lopez that a deferred adjudication would be considered a conviction for immigration purposes.  I also informed him that the plea of guilty would be used against him, and that if he came to be in immigration custody, he would likely be deported, denied re-entry into the United States, and he would be denied naturalization or citizenship if he applied.

I reset his case to May 4, 2011. At that time, I reviewed the plea paperwork with Mr. Lopez again, and reiterated that his case would likely be used against him for immigration purposes. The Court also informed Mr. Lopez about the immigration consequences of his plea. The plea paperwork also informed Mr. Lopez of this fact.

Because I handle many cases with non-citizens, I also try to keep up to date on immigration matters and how they interact with criminal cases. In 2011, I participated in a CLE called "Advising Immigrant Defendants after Padilla." I have also read a significant number of legal materials dealing with this issue, have attended numerous CLE dealing with this issue, and have purchased publications to research this matter. My office frequently consults with an immigration attorney in Houston and we always encourage clients to retain an immigration attorney when they are not citizens.

Because this case involved attempted drug dealing to a minor, I believed that it would be an Aggravated Felony for purposes of Immigration Law. That is why I advised Mr. Lopez he would be unable to repair his immigration status in the future. Mr. Lopez's main concern in this case was the very likely probability of deportation in the event that he received ten days as a condition of probation. Once the prosecutor removed that condition, Mr. Lopez no longer wanted to go to trial.

Lopez argues that he received ineffective assistance of counsel because his trial counsel "failed to correctly advise [him] that his plea of guilty would constitute a conviction under immigration law, and that pleading to the offense at issue would make him preemptively deportable." Trial counsel's affidavit indicates that he informed Lopez about the immigration consequences of his plea. He informed Lopez that the offense would be considered an aggravated felony under immigration law and that he would likely be deported. Trial counsel further informed Lopez that he would be denied re-entry into the United States and denied naturalization or citizenship if he applied.

Lopez failed to prove, by a preponderance of the evidence, that his counsel's advice was outside the range of competent representation demanded of attorneys in criminal cases. We overrule the first issue.

**Trial Court Admonishments**

In the second issue, Lopez argues that the "admonishments of the trial court, or the plea papers, cannot substitute for the advice of trial counsel, even under a 'totality of the representation analysis.'" Article 23.16 of the Code of Criminal Procedure provides that prior to accepting a guilty plea, the trial court shall admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." TEX. CODE CRIM. PRO. ANN. Art. 26.13 (a) (4) (West Supp. 2014). The trial court may make the admonishments either orally or in writing. TEX. CODE CRIM. PRO. ANN. Art. 26.13 (d) (West Supp. 2014). When the trial court substantially complies with article 26.13, it creates a prima facie showing that the defendant's guilty plea was entered knowingly and voluntarily. *See Hughes v. State*, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992). The trial court admonished Lopez as follows:

Trial Court: Mr. Lopez, ah, where were you born?

Lopez: In Mexico.

Trial Court: … are you a US citizen?

Lopez: No ma'am

Trial Court: Do you understand that by pleading guilty, it could affect your ability to become a US citizen?

Lopez: Yes ma'am.

Trial Court: That they can use this, ah, I know it's a call for deferred and if I accept it, it will be deferred but they could use this to keep you from obtaining your citizenship?

Lopez: I understand, ma'am.

Trial Court: Do you also understand that it could be used to deport you?

Lopez: Yes ma'am.

Trial Court: It could be used that if you are deported, it could be used to keep you from being allowed legal re-entry back into this country? You understand that?

Lopez: Yes ma'am.

Trial Court: Understanding these things do you still wish to ask the court to accept this agreement?
Lopez: Yes ma'am.

Lopez's trial counsel informed Lopez of the immigration consequences of his plea. The trial court further admonished Lopez on the immigration consequences of his plea, and Lopez indicated that he understood the consequences. The record supports the trial court's finding that Lopez "was warned, prior to his plea, about the immigration consequences of his plea by: his attorney, Louis Gimbert; the trial court, and the plea papers that he signed and acknowledged that he understood." We overrule the second issue.

### Evidentiary Hearing

In the third issue, Lopez complains that the trial court erred in determining that there was no fact in issue requiring an evidentiary hearing. Article 11.072, section 6 provides in pertinent part:

(a) Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application.

(b) In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection.

TEX. CODE CRIM. PRO. ANN. art. 11.072, § 6(a)-(c) (West 2015).  Article 11.072 does not require an evidentiary hearing to resolve controverted facts.  *See Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex.App.-Waco 2010, pet. ref'd).  The record shows that Lopez filed an affidavit in support of his application for writ of habeas corpus.  Lopez also filed the affidavit of an attorney who specializes in immigration law in support of his application for writ of habeas corpus.  Lopez's trial attorney filed an affidavit in response to the allegations.  The record also included a transcript of the of the plea hearing.  Lopez has not shown that the trial court abused its discretion in denying the evidentiary hearing. We overrule the third issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 13, 2015
Do not publish
[CR25]





# TENTH COURT OF APPEALS

**Chief Justice**
*Tom Gray*

**Justice**
*Rex D. Davis*
*Al Scoggins*

McLennan County Courthouse
501 Washington Avenue, Rm 415
Waco, Texas 76701-1373
Phone: (254) 757-5200       Fax: (254) 757-2822

**Clerk**
*Sharri Roessler*

August 13, 2015

In accordance with the enclosed Memorandum Opinion, below is the judgment in the numbered cause set out herein to be entered in the Minutes of this Court as of the 13th day of August, 2015.

10-14-00378-CR       EX PARTE JOSE J. LOPEZ - ON APPEAL FROM THE 85TH DISTRICT COURT OF BRAZOS COUNTY - TRIAL COURT NO. 10-01439-CRF-85-A – AFFIRMED - Memorandum Opinion by Justice Scoggins:

"This cause came on to be heard on the transcript of the record of the Court below, and the same being considered, because it is the opinion of this Court that there was no error in the judgment, it is ordered, adjudged and decreed by the Court that the judgment be in all things affirmed, and that the appellant pay all costs in this behalf expended and that this decision be certified below for observance."