EX PARTE

HERMAN LEE KINDRED

Cause # 41,248-C

"PERTAINS TO NEWLY
DISCOVERED EVIDENCE
DUE PROCESS Violation
Withheld Evidence
THAT is material.

33,972-06

IN THE 27TH
District Court
BELL COUNTY, TX.

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 16 2015

Abel Acosta, Clerk

11/8/15
mailed: 11/9/15

RE: THIS above styled cause Pertains To NEWLY
DISCOVERED EVIDENCE, THAT WAS INDEED
Withheld by THE STATE. THE EVIDENCE is
material THEREby Violating applicant's DUE
PROCESS.

This document contains some
pages that are of poor quality
at the time of imaging.

Dear Clerk of court, Abel Acosta / Justices
I am concerned that all of my Responses
To STATE's answer and findings Facts and
Conclusion of law DATED: 10/6/15 mailed:
10/7/15 were "not" all sent to your office
by THE District Clerk "JOANNA STATON. OF BELL
County, TX. AS Applicant, too, filed a mandamus
IN THIS Above cause AS well with The District
Clerk office on or about OCT. 23, 2015. THE
Clerk has yet to transmitt to your office.
I have written her about three times only to
know Aval. Exhibts A, B, and C were sent, too.

(1 OF 1)

Herman Lee Kindred
11/8/15

EX PARTE                    CAUSE # 30,312-C

HERMAN LEE KINDRED                              IN THE 264TH
                                               District Court of
            * THE cause above                  Bell County, TEXAS
              IS A JOINT Proceeding
              of cause # 30,311-C.

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 16 2015

Abel Acosta, Clerk

RE: Filed Writ of Mandamus With THE Bell
County. District Clerk "JOANNA STATON" ON OR
about October 26th, 2015.   IN THE ABOVE
Styled numbered cause.   Who has yet to
FORWARDED it to THE COURT OF CRIMINAL Appeals.
"TWO" (2) mandamus WERE filed               11/8/15
on or about Oct. 26th, 2015.

Dear Clerk of Court, Abel Acosta:        mailed: 11/9/15

I filed a 11.07 Writ of Habeas Corpus with the
District Court Clerk "JOANNA STATON" on or about
September 18, 2015.  Responded with my Respective
Responses to the State's Answer and Findings Facts
and Conclusions of law. Timely. and filed these
Responses, Exhibits A+B; C+E; D+F with the District
Clerk office in Bell County on or about Oct. 14th
2015, and filed my Respective Writ of Mandamus
with the District Clerk office on or about Oct. 26,
2015. apparently not yet transmitted to your office
As of yet. MR. Abel Acosta.  Applicant is not
understanding why. So, I am filing it in your office.
                                    Herman Lee Kindred
                (1 OF 1)

HERMAN LEE KINDRED
Relator

VS.

JOANNA STATON
BELL COUNTY DISTRICT
COURT CLERK
Respondant

CAUSE #
30,312-C
A "Joint Proceeding
OF CAUSE #30,311-C
IN TRIAL COURT."

IN THE 264TH
District Court
OF BELL COUNTY,
TEXAS

* THE ABOVE CAUSE # IS "A Joint Proceeding OF
CAUSE # 30,311-C.

* "COPY WAS SENT TO BELL COUNTY
District Clerk ON or about OCT. 22,
2015. filed OCT. 26, 2015." "TWO" (2)
WRIT OF MANDAMUS HAVE BEEN filed IN
THIS CAUSE ABOVE.          11/8/15

Applicant's WRIT OF MANDAMUS          mailed: 11/9/15

Comes NOW, HERMAN LEE KINDRED, Relator IN
THIS WRIT OF MANDAMUS To Compel BELL COUNTY
District CLERK "JOANNA STATON" To Comply With
AND follow TEXAS Code of CRiminAL Procedure ARt.
11.07 § 3(C). AND tRANSmitt REAlator's WRit For a
Habeas Corpus 11.07 Cause # 30,312-C, To THE
COURT OF CRiminAL APPEAls for further REVIEW.

I.

PURSUANT To TEXAS Code of CRiminAL PRocedure
ARt. 11.07 § 3(C) Respondant, HAS 35 days To TRANSmitt
Relator's WRit For a Habeas Corpus To THis Honorable
COURT for further REVIEW. Relator filed His WRit

PG. 1

For a Habeas Corpus on or about H.L.K. September 18th ~~October~~ H.L.K., 2015. With the Bell County, District Clerk Office, Seeking Relief. Relator is requesting that this Court to Compel Respondent to transmitt Relator's Writ of Habeas Corpus for this Court's Review and Render Decision, see Gibson V. Dallas County Clerk, 275 S.W. 3d 491; and Also, De Jean V. District Clerk of Dallas County, 259 S.W. 3d 183 (2008).

The District Clerk has no authority to Continue to Hold Relator's Application for a writ of Habeas Corpus and is under Ministerial Duty to immediately Transmitt the Application and "All" of the Exhibts A+B; C+E; D, and F and Applicant's Responsees). To State's answer and State's "Two"(2) Findings of Facts and Conclusions of Law Applicant received on or about 10/6/15 and 11/2/15, and Any and "All" Related Exhibts, Responses and Records In Cause # 30,312-C filed on or about ~~Oct~~ September 18, 2015 in the 264th District Court H.L.K. Bell County, TX. Unless the clerk Can certify that Relator Writ for a Habeas Corpus Application was Delievered to The State After September 18, 2015, see Martin V. Hamlin 25 S.W. 3d 718 (Tex. Crim. App. 2000) Pg. 2

## II

Relator's prayer IS TO HAVE THIS mandamus Relief granted and DIRECT THE RESPONDANT TO comply WITH TEXAS STATUTES AS PROVIDED IN TEX. Code CRIM. PROC. ARTI 11.073 3(C).

Respectfully, Submitted,
Herman Kindred

## Unsworn Declaration

I HERMAN LEE KINDRED, TDCJ # 671207, HEREBY Certify that a copy of the above listed CAUSE NO. THAT THE ORIGINAL WAS SERVED ON THE DAY OF 26TH October 2015. By Placing A Copy IN THE United STATES mail ON October 22, 2015, TO THE BELL County District Clerk, who RECEIVED it ON OR about Oct. 26TH, 2015.

I HERMAN Lee KINDRED, TDCJ-# 671207 BEING PRESENTLY INCARCERATED AT THE McConnell Unit, IN BEE COUNTY, TX. DECLARE Under OATH THE forgoing IS TRUE AND CORRECT. Signed this 8TH DAY OF NOV. 2015 FOR CAUSE # 30,312-C Which is a "Joint" PROCEEDING OF CAUSE # 30,311-C.

Herman Lee Kindred
11/8/15

Pg. 3

Ex Parte.                    Cause #              IN THE 27TH
Herman Lee Kindred          41,248-c             District Court of
                                                 Bell County, Tx.

RE: This Cause above Pertains To "Newly Discovered"
Evidence. "THE "Affidavit of Non - Prosecution" signed
and Notarized by Alledged Victim "Lillian B. Evans" on
Jan. 30, 1992 And Filed with THE Bell County District
Clerk office on 4/9/1992 IS INDEED THE "Newly
Discovered Evidence." Due Process Violation.

Dear Justices OF THE Court:

This Notice is To inform you THAT Cause # 41, 248-c
Contains and Pertains to "Newly Discovered Evidence"
"This Newly Discovered Evidence" is INDEED Favorable
Material Evidence" THAT WAS withheld by THE STATE
DURING Trial, Punishment Phase, and guilt phase WAS INDEED
Favorable material Evidence. THE Affidavit of Non-Prosecution
Signed and Notarized by Alledged Victim "Lillian B. Evans" on
Jan. 30, 1992 and filed with THE Bell County District Clerk
office on 4/9/1992" IS material, and must HAVE BEEN
addressed, strongly Considered, Brought to THE FOR FRONT
AND Evaluated IN THE Context OF THE ENTIRE RECORD,
Agurs, 427 U.S. at 112.

(1 OF 2)

MOREOVER, THIS EVIDENCE WAS TO BE EXAMINED "IN THE CONTEXT OF THE OVERALL strength OF THE STATE'S case" EX PARTE mitchell 853 S.W. 2d at 5. THE STATE did NOT HAVE a CASE READ THE AFFidavit OF NON-PROSECUTION Signed and Notarized by Alleged Victim "Lillian B. EVANS" THE withheld EVIDENCE, NO changes, NO WITNESS, NO Complaint, NO EVIDENCE. THE STATE Had a DUTY TO Produce THIS FAVORable material OR material FAVORable EVIDENCE AT THE punishment phase as well as at the guilt phase of the CRIMINAL TRIAL. EX PARTE CHAVEZ, 213 S.W. 3d at 324-325.

Respectfully Submitted,
Herman Lee Kindred

## Certificate of Service

I HERMAN LEE KINDRED, Applicant TDC# 671207 HEREby Certify that a true + correct Copy of this NOTICE WAS INDEED mailed Via U.S. Postage mail To THE BELL COUNTY District ClerK and District ATTORNey's OFFICE OF BELL COUNTY TX: AT P.O. BOX 909 Belton, Texas 76513 and To THE COURT OF CRIMINAL APPEALS at: P.O. BOX 12308 Capitol Station, Austin, TX. 78711 ON THE 9TH day OF NOV. 2015.

Respectfully Submitted,
Herman Lee Kindred

EX PARTE

HERMAN LEE KINDRED

CAUSE #

30,311-C

IN THE 264TH

DISTRICT COURT OF

BELL COUNTY, TEXAS

* NOTICE TO THE Justices OF COURT:

RE: THE ATTACHED (16) page STATE'S ANSWER AND Findings OF FACTS AND CONCLUSIONS OF Law IN Cause # 30,311-A is Applicant's EXhibt-A IN Cause # 30,311-C. Pending IN THis Honorable COURT. SEE THE FACTS ON page (3), Bottom page footnote 3, Cause # 30,311 is a Joint Proceeding of Cause # 30,312-C. THAT HAS NOT YET TO BE forwarded OR TRANSmitted To THE COURT OF CRiminAL Appeals By THE BELL COUNTY, DiStrict ClerK "JOANNA STATON." AS THE STATE'S (35) days IN Cause # 30,312-C is EXpired AS OF Oct. 22, 2015. A WRit OF mandamus IN Cause # 30,312-C was filed WITH THE Bell County DiStrict ClerK Since Oct. 26, 2015. But has yet To BE TRANsmitted THE Application IN Cause # 30,312-C To THE COURT OF CRiminAL Appeals.

mOReOveR, SEE page 3-9 OF Findings Facts and CONClusions OF Law IN THE ATTACHED (16) page STATE'S ANSWER AND Findings Facts and CONClusions OF Law IN Cause # 30,311-A AS Applicant's EXhibt-A IN Cause # 30,311-C. "NO WHere" IN THE RECORD WAS Applicant

(1 OF 2)

EVER admonished OF THE THREE CORE Concerns AS Required by Law In Boy Kin V. Alabama, 395 U.S. 238, 241 (1969) COURTS ARE Required to admonish defendants OF THE THREE CORE CONCERNS, Applicant WAS ENTITLED To BE admonished H.L.K. By TRIAL COURT AND TRIAL COUNSEL AND NEITHER ONE OF THEM DID. NO admonishing applicant OF THE THREE CORE CONCERNS. at all, "EVER AT ALL." SEE Pages 3-9. THE (16) page ExHibt-A OF THE STATE'S ANSWER and Findings FACTS and Conclusions OF Law IN Cause # 30,311-A Filed March 11, 2014 AT 3:47pm. IS THE FACTS IN THIS "Joint" Proceeding.

Respectfully Submitted,
Herman Lee Kindred

## Certificate of Service

I HERMAN LEE KINDRED, Applicant, TDC# 671207 HEREby Certify that a true and correct Copy of this Notice was mailed Via U.S. Postage MAil To THE BELL County District Clerk and District ATTORNey's OFFICE IN BELL County, TX AT: P.O. Box 909 Belton, TX. 76513 AND TO THE COURT OF Criminal Appeals at: P.O. Box 12308 Capitol Station, Austin, TX. 78711 ON THE 9TH day OF NOV. 2015.

(2 OF 2)

Respectfully Submitted,
Herman Lee Kindred

No. 30,311-A
#30, 312-A
* H.L.K.

EX PARTE

**IN THE 26TH JUDICIAL**

**DISTRICT COURT OF**

HERMAN LEE KINDRED

**BELL COUNTY, TEXAS**

## State's Answer

COMES NOW the State of Texas, by and through the District Attorney for the 27th Judicial District of Texas, and **denies generally** the allegations of the Applicant's Petition for post-conviction Writ of Habeas Corpus relief, and <u>opposes any request for bond</u> pursuant thereto. The State would show the Court that there is no necessity for a fact finding hearing as there is ample evidence in the record for the Court to rule on the relief sought.

## Prayer

WHEREFORE, **PREMISES CONSIDERED**, the State of Texas prays that the Court enter Findings of Fact and Conclusions of Law, and recommend denial of the relief sought, sending the Applicant hence without day.

Respectfully submitted,

**HENRY GARZA**
**DISTRICT ATTORNEY**
**27TH JUDICIAL DISTRICT**

By: _____
Sean K. Proctor  TSB# 16349500
Assistant District Attorney
27th Judicial District
P. O. Box 540
Belton, TX  76513
(254) 933-5215
(254) 933-5704 [FAX]



## Certificate of Service

I, the undersigned, do hereby certify that a true and correct copy of the State's Answer was mailed to the Applicant, Herman Lee Kindred, TDCJ# 671207, at the McConnell Unit, 3001 South Emily Drive, Beeville, TX 78102, by certified mail, return receipt requested, postage pre-paid, on this the _____ 12th _____ day of March, 2014.

Sean K. Proctor

## Certificate of Service

I, the undersigned, do hereby certify that true and correct copies of the State's

Motion to Enter Proposed Findings of Fact and Conclusions of Law, and the State's

proposed Findings of Fact and Conclusions of Law, were mailed to the Applicant, Herman

Lee Kindred, TDCJ# 671207, at the McConnell Unit, 3001 South Emily Drive, Beeville,

TX 78102, by certified mail, return receipt requested, postage pre-paid, on this the

_12th_ day of March, 2014.

**Sean K. Proctor**



## No. 30,311-A

| EX PARTE | * | IN THE 264TH JUDICIAL |
| | * | |
| | * | DISTRICT COURT OF |
| | * | |
| HERMAN LEE KINDRED | * | BELL COUNTY, TEXAS |

## Findings of Fact and Conclusions of Law

Having considered the Applicant's Petition, the State's Answer, and the record in the above numbered cause, this Court makes the following Findings of Fact and Conclusions of Law:

### I.

## Findings of Fact

*History of the Case*

1.  The Applicant is currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice on other convictions, but on October 8, 1981 he was convicted in the instant case, Cause Number 30,311, of Burglary of a Habitation.

2.  He pled guilt to the charge, and the trial court found him guilty and assessed his punishment at ten (10) years imprisonment, but suspended it and placed him on probation for a period of ten (10) years.

3.  On May 4, 1982, the Applicant pled "true" to violating conditions of his probation, and the trial court found the violations true, and assessed his punishment at ten (10) years imprisonment.

4.  On October 8, 1982, the Applicant was granted shock probation, and the remainder of his sentence was suspended, but on December 11, 1984, he again pled true to violating his conditions, and the trial court found the violations true, revoked his probation, and ordered that he serve the remainder of his ten (10) year sentence in prison.



5.     The Applicant appealed his conviction, but it was dismissed at his request,[1] and the appellate court issued its Mandate on September 4, 1985.

6.     This is the Applicant's first Petition for post-conviction Writ of Habeas Corpus relief in this case.

*Allegations of the Applicant*

7.     In ground one, the Applicant alleges that he received ineffective assistance of counsel in his case.

8.     In ground two, the Applicant alleges that his trial counsel was ineffective for failing to object to the admonishments given to him in his case because they were allegedly insufficient.

*Necessity for an Evidentiary Hearing or Expansion of the Record*

9.     The Court finds that the existing record is sufficient to answer the allegations in the Applicant's Petition.

*Grounds One & Two - Ineffective Assistance of Counsel*

10.     In ground one, the Court finds that the Applicant alleges that his trial counsel was ineffective because he did not properly investigate his case.

11.     Specifically, the Court finds that he claims that:  there were never any charges filed against him; he never broken into anyone's home; the homeowner never approached or talked to the police, or filed a complaint; and, the police never interviewed the victim about the case. *See* Applicant's Petition, p. 6.

12.     The Court finds that the Applicant bases his allegations on an "affidavit" dated January 29, 2014, that he attaches to his Petition in which he describes a chance meeting allegedly with the victim[2] in this case which occurred in 2012 at a Family Dollar Store in Temple, Texas.

---

[1] *See Kindred v. State*, No. 03-85-00020-CR (Tex.App.— Austin, delivered September 4, 1985) (not designated for publication)

[2] The affidavit does not name the person with whom the Applicant spoke at this meeting.

13.     In ground two, the Court finds that the Applicant alleges that defense counsel was "totally ineffective" for not objecting to the admonishments given to him by the trial court in the case.

14.     According to the Applicant, his attorney should have objected to the trial court's failure to admonish him about the direct and collateral consequences of his plea. *See* Applicant's Petition, pp. 10-11.

The Applicant's Case

15.     The record reflects that on August 1, 1981, a Complaint charging the Applicant with Burglary of a Habitation was issued by the Bell County District Attorney's Office, and the Court finds that he was subsequently arrested for the charge, because he posted a $2,000.00 commercial bond dated August 3, 1981. *See* Complaint & Bond filed 8-5-81.

16.     The record further reflects that the Applicant was indicted by the Bell County Grand Jury on September 23, 1981, for the offense of Burglary of a Habitation. *See* Indictment.

17.     On October 8, 1981, the record reflects that the Applicant, who had retained attorney Stephen E. Blythe to represent him, waived a jury trial, judicially confessed to the allegations in the indictment, and entered into a plea agreement with the State for ten (10) years probation in exchange for his plea of guilty. *See* Waiver of Jury, Judicial Confession, & Disclosure of Plea Recommendation.

18.     Prior to the entry of his pleas of guilty,[3] the record reflects that the following dialogue occurred between the Applicant and the trial court:

"BY THE COURT:

"Q.     Mr. Kindred, how old are you?

---

[3] The Applicant plead guilty in a joint proceeding to Burglary in the instant case and, Forgery by Passing Cause Number 30,312.

"A.   Seventeen.

"Q.   How far did you go in school?

"A.   I'm in the twelfth grade right now.

"Q.   Have you ever been considered to be mentally ill,
      insane, incompetent or crazy?

"A.   No, sir.

"Q.   Are under any disability by reason of intoxication or
      impairment that would prevent you from understand-
      ing what is going on here?

"A.   No, sir.

"Q.   Now, you've talked to Mr. Blythe, your retained
      attorney, and he's told you about your rights under the
      law of the State of Texas and the Constitution of the
      United States?

"A.   Yes, sir.

"Q.   And he's also told you, I'm sure, after he has inves-
      tigated both of these cases, any defenses that you might
      have at law; is that right?

"A.   Yes, sir.

"Q.   And you are satisfied and wish to proceed and try both
      of these cases at one time rather than having two sepa-
      rate trials, like you're entitled to?

"A.   Yes, sir.

"Q. You understand, also, you are entitled to have a jury in each case, have the jury determine guilt or innocence and assess punishment, if any, and you have waived that and agreed to try the cases before the Court?

"A. Yes, sir.

"Q. You've also agreed to waive the privilege against self-incrimination and to sign a written judicial confession called a stipulation which you are not required to do and can't be compelled to do, but which you have voluntarily given, and if these stipulations are admitted into the record in each of these cases, your guilt would have been established beyond as reasonable doubt and you appearing to be sane, the court will find you guilt[y] and assess a punishment in each case as required by law. Do you understand that?

"A. Yes, sir.

"Q. Now, in 30,311 you're charged with on or about the first of August, 1981, in Bell County, Texas then and there intentionally and knowingly entered a habitation.

"A. Yes, sir.

"Q. A residence without the effective consent of Ida May Foster.

"A. Yes, sir.

"Q. The owner, and that you therein attempted to commit and committed theft; is that right?

"A. Yes, sir.

"Q. To that charge now do you plead, guilty or not guilty?

"A.    Guilty.

"Q.    Now, in [30]312 you're charged with on or about the
        24th of August, 1981 in Bell County, Texas with the
        intent to defraud and harm another, passed and
        transferred to Frank Vanecek down at Kings Saver on
        Adams Avenue at Temple a check in the amount of
        twenty-five dollars drawn on J.E. Winston's account
        on the Temple National Bank on J.E. Winston's
        account and it's alleged that you passed it, knowing
        that it was forged and that it purported to be a check.
            "Now, to that charge now do you plead, guilty
        or not guilty?

"A.    Guilty (RR-II, pp. 2-5-)."

19.    The record reflects that the Applicant then told the trial court that he was pleading
        guilty of his own free will, and not because of any promises, threats, fear, or false
        hope of a pardon, and that he understood that the burglary charge carried with it
        a punishment range of five to 99 years, or life imprisonment and a $10,000 fine, and
        the forgery charge had a punishment range of two to 10 years imprisonment and
        $5,000 fine, and that both charges would be final convictions if the recommendations
        were accepted (RR-II, pp. 5-7).

20.    Then, the record reflects that the following dialog occurred between the trial court
        and the Applicant:

            "THE COURT:      All right. Your plea in
        each case is accepted and now in each case I have not only the
        waiver but a stipulation signed by you and joined therein by
        your attorney and the State in which you have confessed to
        each and every element as alleged.
            "What did you do in Ida May Foster's house, did you
        go in there and take something?

            "THE DEFENDANT:      No, sir. A friend of
        mine, he always works on my car, and I owed him something
        so I was nice enough to take him by there. He went in and got
        it. I was just outside the window. He reached it to me.

"THE COURT:      Do you understand under the Law of Parties in this state that you are liable even though you just sat outside, you were nice enough to help him commit a burglary?

"THE DEFENDANT:      Yes, sir.

"THE COURT:     Where is he?

"THE DEFENDANT:      He's at home.  He's on probation.

"MR. KINARD:     Could we have just a moment, Your Honor?

"THE COURT:     Yes, sir.

"(Counsel conferred in an off the record discussion.)

"THE COURT:     Who is your friend?

"MR. KINARD:     Just one second.  Your Honor.

"THE DEFENDANT:     John Mayo.

"THE COURT:     Did you know John was going into the house?

"THE DEFENDANT:     Sir?

"THE COURT:     Did you know John was going into the house?

"THE DEFENDANT:     No, I didn't until he got there.  Until he got there.  There wasn't nobody home.  Knocked on the door, nobody answered, so - -

"THE COURT:      And you saw him go in the house and come out with something?

"THE DEFENDANT:      He just went in the house and he just reached it through the window to me.

"THE COURT:      He reached through the window and handed it out to you; what did he hand out?

"THE DEFENDANT:      A stereo.

"THE COURT:      You knew it wasn't his, didn't you?

"THE DEFENDANT:      Yes, sir, I did.

"THE COURT:      You knew it belonged to somebody else, didn't you?

"THE DEFENDANT:      Yes, sir.

"THE COURT:      You knew that you didn't have their consent, didn't you?

"THE DEFENDANT:      No, sir.

"THE COURT:      Do you realize that's burglary?

"THE DEFENDANT:      Yes, sir.

"THE COURT:      That's life.

"THE DEFENDANT:      Yes, sir.

"THE COURT:      What about the check; you did that, too?

"THE DEFENDANT: Yes, sir.

"THE COURT: You knew it was forged?

"THE DEFENDANT: Yes, sir.

"THE COURT: Why did you do it?

"THE DEFENDANT: I swear to God I don't know.

"THE COURT: Well, why did you do the other?

"THE DEFENDANT: I just owed it, John, you know, something for working on my car. He just asked me to take him. Called me - -

"THE COURT: I know, but what did you get out of it?

"THE DEFENDANT: Jail. That's all (RR-II, pp. 7-11)."

21. The record reflects that the Applicant subsequently took the stand to disavow his earlier statement to the police, that he went into the house and took the stereo, clarifying that his friend John Mayo was the one who went into the house (RR-II, pp. 11-12).

22. The Court finds that implicit in the Applicant's claim of ineffective assistance in ground one, is a contention that there was "no evidence" to charge him with or convict him of a crime, and if his attorney had conducted a more thorough investigation of the facts of his case, he would have discovered as much.

23. However, the Court finds the Applicant's contentions unsupported by the record.

24.   In his Petition, the Applicant states that he "never ever entered into nor broke into anyone[']s home," but he explained as much to the trial court at his plea of guilty hearing, and admitted that he did drive his accomplice to the residence and saw him enter the home, and exit with the victim's property, which, he told the trial court, he understood made him guilty of Burglary under the law of parties.

25.   The Court finds that it is unclear what additional facts or "real facts" could have been gleaned by further investigation of the case by the Applicant's trial counsel.

26.   The Court finds that in ground two, the Applicant alleges that his attorney was ineffective for failing to object to his allegedly incomplete admonishment by the trial court.

27.   The Court finds that before accepting his plea of guilty, the trial court inquired about: the Applicant's competency; whether or not he had talked to his attorney about his case and been informed of his rights and any defenses he might have had; whether he wanted to waive a jury trial; whether or not he wanted to waive his right to self-incrimination; whether or not his plea was voluntary; whether or not he was aware of the punishment range; and whether or not he understood, that when the trial court accepted his plea the conviction would be final.

28.   The Court finds that to all these inquiries, the Applicant responded that he was aware and wanted to proceed with his plea of guilty.

29.   The Court finds that the trial court, at the very least, substantially complied with the provisions of art. 26.13 of the Texas Code of Criminal Procedure, and there was no valid objection that counsel could have made. *See Carter v. State*, 487 S.W.2d 361, 362 (Tex.Crim.App. 1972) (defendant's complaint that he was not warned by counsel or trial court that conviction might later be used for enhancement was without merit where in prior case he was represented by counsel and was admonished of his rights).

30.   Hence, the Court finds the Applicant's allegations that his trial counsel was ineffective for failing to investigate his case or failing to object to allegedly incomplete admonishments are not supported by the record.

II.

## Conclusions of Law

Based on the contentions raised by the Applicant, and a study of the applicable law

raised by the issues, this Court makes the following Conclusions of Law:

*Grounds One & Two - Ineffective Assistance of Counsel*

1.   The Applicant fails to show that his trial counsel's performance fell below an
objective standard of reasonableness, or that he committed unprofessional errors
hindering his defense. *See Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984).

III.

## Recommendation

Having considered the Applicant's Petition, the State's Answer, and the record, the

Court recommends that relief requested be **denied**.

IV.

## Transmittal Order

The Clerk is directed to prepare a transcript to include copies of the following

documents from Cause Number 30,311:

1.   Indictment;
2.   Complaint;
3.   Bond filed 8-5-81;
4.   Waiver of Jury/Agreement to Stipulate;
5.   Disclosure of Plea Recommendations;
6.   Judicial Confession;

7.      Waiver of Motion for New Trial/Appeal filed 10-8-81;
8.      Judgment of Conviction;
9.      Order Suspending Imposition of Sentence;
10.     Motion to Revoke filed 2-3-82;
11.     Stipulation for Hearing to Revoke Probation filed 4-28-82;
12.     Order Revoking Probation;
13.     Sentence;
14.     Waiver of Motion for New Trial/Appeal filed 5-20-82;
15.     Order Suspending Imposition of Sentence signed 10-8-82;
16.     Motion to Revoke Probation filed 10-21-84;
17.     Stipulation for Hearing to Revoke Probation;
18.     Waiver of Motion for New Trial/Appeal filed 12-11-84;
19.     Order Revoking Probation signed 2-15-84;
20.     Sentence;
21.     Notice of Appeal;
22.     Motion to Dismiss Appeals;
23.     Opinion No. 3-85-020-CR;
24.     Mandate;
25.     Judge's Docket Sheet;
26.     Reporter's Record Volumes II & III;

together with:

27.     the Applicant's Petition;
28.     the State's Answer;
29.     the Motion to Enter Proposed Findings of Fact and Conclusions of Law;
30.     the Findings of Fact and Conclusions of Law of the Court;

and transmit the same to the Court of Criminal Appeals in Austin, Texas.  The Clerk is

further directed to serve a signed copy these Findings of Fact and Conclusions of Law to the

Applicant, Herman Lee Kindred, TDCJ # 671207, at the McConnell Unit, 3001 South Emily

Drive, Beeville, Texas  78102.

Signed this the _____ day of March, 2014.


_____
**JUDGE PRESIDING**
**264TH DISTRICT COURT**
**BELL COUNTY, TEXAS**

EX Parte
HERMAN LEE KINDRED

CAUSE #
30,311-C

"A Joint
PROceeding OF
CAUSE # 30,312-C"

IN THE 264TH
District Court OF
BELL County, TEXAS

## NOTICE OF INTENT

RE: Applicant Will INDEED SEND A "Copy" OF THE STATES
Finding FACTs and CONCLUSION OF Law IN CAUSE #
30,311-A. Filed March 11TH, 2014 AT 3:47pm.
To THE COURT OF CRiminAL APPEALS AS Applicant's
(EXhibt-A) IN CAUSE # 30,311-C Pending IN THE
COURT OF CRiminAL APPEALS. PLEASE BE WELL informed
OF Applicant's INTENTIONS. IN THE Above Styled cause.

DEAR, BELL County District Clerk and BELL County
  District ATTORNey OFFice
  ATTENTION: ASSistant District ATTORNey
      SEAN K. PROCtOR TSB#16349500

THis is To Notify you that applicant HERMAN LEE KINDRED
Will INDEED SEND TO THE COURT OF CRiminAL APPEALS A
"Copy" OF THE STATE'S Finding FACTS AND CONCLUSION
OF Law IN CAUSE # 30,311-A filed March 11TH, 2014
AT 3:47 PM. AS Applicant's Exhibt-A. THis Document
Is filed IN THE District Clerk OF BELL County TX.

(1 OF 2)

IN Cause # 30,311-A SEE Clerk's file to verify. Applicant is indigent and does NOT have money for copies at this time. However, applicant is SERVING you this RESPECTIVE notice of INTENT. PLEASE BE WELL informed. THIS "Copy" of the AFOREMENTIONED Finding FACTS AND CONCLUSION OF Law IN cause # 30,311-A WAS mailed to the COURT OF CRIMINAL APPEALS ON THE 9TH day of NOV. 2015. Also, a "Copy" OF THIS NOTICE OF INTENT WAS Also, mailed To THE COURT OF CRIMINAL APPEALS To show I applicant did INDEED put you on notice of applicant's INTENT, AND it WAS, too, mailed on THE 9TH day OF NOV. 2015, TO THE COURT OF Crim. APPEALS PLEASE BE WELL INformed.

H.L.K.

* NOTICE; THIS SAME EXHIBT WAS SENT To THE STATE IN Cause # 30,312-C Being Held By THE District Clerk office IN BELL County, TX.

Respectfully Submitted,
Herman Lee Kindred

Certificate of Service

I HERMAN LEE KINDRED HEREBy Certify that a true copy OF THIS "NOTICE OF INTENT" WAS mailed Via U.S. Postage mail to THE District Clerk and District Attorney's OFFICE OF BELL COUNTY, TX. AT P.O. BOX 909 Belton, TX 76513 AND To THE COURT OF CRIMINAL APPEALS at: P.O. Box 12308 Capitol Station, AUSTIN, TX 78711 ON THE 9TH day of NOV. 2015,

(2 OF 2)

Herman Lee Kindred